JUSTINA CRUZ NIEVES, demandante y apelante, *v.* GERARDO M. GONZÁLEZ, NEVARES & MORALES y MARYLAND CASUALTY COMPANY, demandados y apelados.

Núm. 9268.—*Sometido:* Abril 4, 1946. *Resuelto:* Mayo 31, 1946.

*Juan Enrique Géigel* y *Guillermo Silva,* abogados de la apelante; *F. Prieto Azúar,* abogado de la Maryland Casualty Co., apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

La demandante en una acción de daños y perjuicios causados por el manejo negligente de un camión, apela de la sentencia que declaró sin lugar la demanda por aparecer de la misma que la acción está prescrita.

Sostiene la apelante que la corte inferior erró al estimar prescrita la acción. Arguye en primer término que, si bien la demanda se radicó más de un año después de ocurrir el accidente, se alega en la misma una reclamación extrajudicial que interrumpió el término prescriptivo. La reclamación extrajudicial se hizo a una sola de las partes demandadas, a saber, la compañía aseguradora de los daños que causara el camión perteneciente a otra demandada.

La corte inferior resolvió que la reclamación hecha a la aseguradora no interrumpió el período prescriptivo, por no ser la aseguradora deudora de la demandante, ni ésta acree-

dora de aquélla. La apelante insiste en que es acreedora de la aseguradora, particularmente en vista del artículo 175 de la Ley de Seguros de Puerto Rico,(¹) que le permite demandar a la aseguradora conjuntamente con el asegurado. Pero suponiendo sin resolverlo, que la apelante sea acreedora de la aseguradora, y que por lo tanto su reclamación extrajudicial interrumpiera el término prescriptivo de suerte que no resulte prescrita la acción en cuanto a la aseguradora, tenemos que la acción está prescrita en cuanto al asegurado, y que por lo tanto la demanda no aduce hechos ni contra el asegurado ni contra la aseguradora, ya que ésta sólo responde si aquél es responsable.(²)

Aunque la apelante no ha argumentado el punto, hemos examinado detenidamente la posibilidad de que la interrupción de la prescripción respecto a la aseguradora pudiera perjudicar por igual al asegurado. Pero nos encontramos con que, de acuerdo con el Código Civil, el único caso en que la reclamación extrajudicial hecha a un deudor perjudica a otro es el de las obligaciones solidarias.(³) La solidaridad no se presume, ni existe a menos que expresamente se convenga.(⁴) Y aunque en la súplica de su demanda solicita la apelante se condene a los demandados solidariamente al pago de los daños y perjuicios, en la demanda no se alega que la aseguradora se obligara expresamente a responder a terceros, solidariamente con el asegurado, de los daños que causara el camión del asegurado. Las alegaciones de la demanda no nos permiten, pues, concluir que la reclamación extrajudicial a la aseguradora perjudicó al asegurado, ya que no se alega la existencia de una obligación solidaria,

(¹)Leyes de 1929, pág. 161.
(²)Véase el artículo 158 de la Ley de Seguros (Leyes de 1921, pág. 523.)
(³)Artículo 1874, Código Civil, Edición de 1930. Compárese con el artículo 1875.
(⁴)Artículo 1090, Código Civil, Edición de 1930.

ni se alega que la reclamación se hiciera a la aseguradora como agente o representante del asegurado.

Concluímos que, aun suponiendo que de la demanda resulte interrumpida la prescripción de la acción en cuanto a la compañía aseguradora se refiere, no aparece que esa interrupción perjudique al asegurado. Siendo ello así, está prescrita la acción contra el asegurado. Y como quiera que la aseguradora no es responsable de no serlo el asegurado, no aduce la demanda causa de acción contra la aseguradora.

Otro argumento invoca la apelante: que la aseguradora está impedida de interponer la defensa de prescripción. Surge el *estoppel*, según sostiene la apelante, del hecho, alegado en la demanda, de que, al escribir la demandante a la aseguradora antes de prescribir la acción, inquiriendo de ésta expresara si estaba en disposición de discutir la reclamación de la apelante, contestó la aseguradora estar "en la mejor disposición para discutir este asunto."

Dista mucho lo alegado en la demanda de constituir un *estoppel*. La manifestación de la aseguradora de su conformidad con discutir el asunto no equivale a una promesa o representación de que renuncia a la defensa de prescripción. Tampoco constituye conducta tendente a persuadir a la apelante a posponer su acción judicial.(5) Falta además un elemento esencial del *estoppel*: el que la apelante cambiara de posición a base de la representación o promesa de la aseguradora. No solamente se deja de alegar que la apelante pospusiera la acción judicial confiando en la manifestación o conducta de la aseguradora, sino que se alega expresamente que fué otra la causa de la demora, o sea "que debido a que la demandante continuó sometida a tratamiento médico hasta el mes de diciembre de 1943, y debido a que no se le había

---

(5) Véase *Bergeron* v. *Mensour*, 152 F.2d 27.

determinado todavía el grado de incapacidad producido por la fractura de la fíbula derecha, la demandante no radicó esta demanda antes de expirar un año a partir de la fecha del accidente."([6])

No existe, pues, base para el *estoppel* que invoca la apelante.

*No habiéndose cometido el error imputado a la corte inferior, procede la confirmación de la sentencia apelada.*

El Juez Presidente Sr. Travieso no intervino.

---

([6]) Aunque la alegación que copiamos aparentemente se insertó en la demanda con el fin de eludir la defensa de prescripción, la apelante no ha pretendido ampararse en la misma. En *González* v. *Pérez,* 57 D.P.R. 860 resolvimos que era impertinente una alegación similar.