**Al BEDARD, Plaintiff,**

v.

**CONSOLIDATED MUTUAL INSUR-
ANCE COMPANY, Defendant.**

**Civ. No. 799-69.**

United States District Court,
D. Puerto Rico.

April 23, 1970.

Hernandez, Colon & Bauza, Ponce,
P. R., for plaintiff.

Dyana L. Ortiz Castro, San Juan,
P. R., for defendant.

### ORDER

CANCIO, Chief Judge.

This cause came on to be heard on defendant's motion dated January 16, 1970 soliciting dismissal of the complaint filed on the ground that the statute of limitation has tolled; and plaintiff's motion dated January 20, 1970 to strike defendant's answer to the complaint and motion to dismiss on the ground that default had been entered against appearing defendant by the Clerk of this court for failure to plead or otherwise defend.

Hearing on the above referred motions was held on January 30, 1970 at which time this Court granted the parties additional time to file memoranda. Said memoranda having been filed and the Court being fully advised, it finds:

A—*Plaintiff's motion to strike:*

 Plaintiff's complaint seeking damages for an accident alleged to have occurred at the Holiday Inn Hotel was filed before this Court on November 21,

1969. Defendant Consolidated Mutual Insurance Co. timely appeared before the Court and solicited an extension of 60 days in which to answer or otherwise plead. Thirty days were granted to defendant by order of this Court dated December 10, 1969. This period having expired without defendant entering its pleadings, plaintiff by motion and affidavit of January 13, 1970 requested the Clerk of this Court to enter defendant's default, which was done on January 14, 1970. Two days later defendant filed its answer and motion to dismiss, to which we will refer shortly. Plaintiff opposes the filing of defendant's answer and motion to dismiss on the ground that a previous order setting aside the default under Rule 55(c) of the Rules of Civil Procedure had not been entered. An examination of the file of this case together with the memorandum filed by defendant discloses, and this Court so finds, that defendant has not been grossly negligent in filing its answer to the complaint. The answer was only three days late and if we take into account defendant's prior appearance before this Court in which it solicited an extension of time to plead, such actions do not demonstrate any intentional lack of diligence and at the most only show excusable neglect which merits that this Court in exercising its discretion order that defendant's default be set aside and its answer and motion to dismiss be admitted on the record. Alopari v. O'Leary, D.C., 154 F.Supp. 78. As such, this Court will consider defendant's memorandum as a motion under Rule 55(c) soliciting the setting aside of the default on the grounds stated therein and orders and adjudges that defendant's default be and is hereby set aside and plaintiff's motion to strike is denied.

B—*Defendant's motion to dismiss:*

Defendant requests of this Court that plaintiff's complaint be dismissed on the ground that the statute of limitations on this claim has tolled, since plaintiff's accident for which damages are sought allegedly occurred on August 8, 1968 and the complaint was filed before the Court on November 21, 1969; that is, after the expiration of the one year period contemplated under Article 1868 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298) in which to file claims for personal injuries. It should be pointed out at the outset that plaintiff in its complaint has adopted by reference, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, a letter allegedly signed by defendant's Vice-President, Mr. Hugh Helfenstein, and dated September 15, 1969 in which plaintiff's various attempts to obtain proper compensation for the alleged accident are explicitly set out. An examination of this letter discloses that the accident which as pointed out above occurred on August 18, 1968, was duly reported by the insured to defendant five days later. On September 18, 1968 defendant ordered a thorough investigation of the matter through its Puerto Rico office. In October 1968 defendant was again advised by plaintiff that he was entering a hospital for treatment of alleged injuries due to the accident upon which claim is being made. Thereafter plaintiff again contacted defendant in January, February and September, 1969 repeatedly soliciting proper compensation from defendant for the injuries alleged to have been inflicted.

■ Article 1873 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5303) governs the interruption of the statutory period in which to file civil claims. It contemplates three distinct possibilities whereby claimant may interrupt the running of the prescription period. First, that the claim be filed before the Court; second, that extrajudicial claims be made by the creditor on debtor, and third, that the debtor acknowledge an existing claim. Defendant in its motion to dismiss and supplementary memorandum takes the position on the authority of Cruz v. González, 66 D.P.R. 212 and other citations on its memorandum, that plain-

tiff's repeated demands on defendant for compensation of injuries as set out in the letter above referred to cannot be properly construed as an interruption of the statutory one-year period. Defendant argues that plaintiff was never induced by Consolidated Mutual Insurance Co. to believe that it would meet his demands for adequate compensation, and denies that plaintiff in any manner was deluded or could have relied on defendant's conduct, acts or representation and on such reliance refrained from commencing action within the limitation period. In short, it is defendant's contention that it is not estopped from raising the statute of limitations as a defense to plaintiff's claim. Cruz v. González, *supra*; Bithorn v. Santana, 68 D.P.R. 300. This is undoubtedly true as far at it goes. However, it entirely misses the thrust of plaintiff's argument.

A careful reading of paragraph 5 of plaintiff's complaint and the letter incorporated thereto disclose that plaintiff's claim to have interrupted the one year prescription period is not based on any demeanor, conduct or reliance of defendant which would have precluded him from proceeding with the filing of his suit. On the contrary, the allegation is based on the fact that plaintiff Al Bedard did seek from defendant, on numerous occasions, extrajudicial payment for the injuries sustained in the accident and that defendant in its letter of September 15, 1969 acknowledges that such claims were made by Mr. Bedard on the various dates outlined above.[1] It is then clear and the Court so finds that plaintiff's allegations that he interrupted the statute of limitations is based on the fact that he did make repeated claims for payment on debtor

Consolidated Mutual Insurance Co. throughout the one-year period, and as under Law No. 77 of June 19, 1957 of the laws for the Commonwealth of Puerto Rico (26 L.P.R.A. § 101 et seq.) commonly known as "The Direct Action Statute", a person who suffers injuries by the negligence of another who is insured becomes a creditor of the insurance company, such extrajudicial demands made by creditor on debtor, under Article 1873 of the Civil Code, do interrupt the statutory period in which to file this action. Trigo v. Travelers Insurance Co., 91 D.P.R. 868 (1965); Ortiz v. McCormick Steamship, 57 D.P.R. 560 (1940). Defendant in its motion to dismiss cites to the Court the case of Cruz v. González, *supra*, for the proposition that an insurer's willingness to investigate or discuss the case does not mean it is waiving its defense of statutory limitation. However, under the particular set of facts present in this case the point is not well taken. In *Cruz, supra*, the Court assumed that the communication between plaintiff and defendant insurance company was an extrajudicial claim under Article 1873 (see page 214). However, in that case the fact that plaintiff had made an extrajudicial claim upon defendant insurance company did not interrupt the running of the statute of limitations because, under the insurance law then existing in Puerto Rico,[2] plaintiff was not a creditor of defendant insurance company. Even if plaintiff had been a creditor of defendant, the Court said, he would not have had a claim against it for under that insurance law, plaintiff had no claim against the insurer unless he had a claim against the insured and as to the latter the statute of limitations had run without any extrajudicial claim having been made upon him. Since

[1]. Paragraph 5 of plaintiff's complaint reads as follows:
"5. In a number of occasions plaintiff contacted Consolidated Mutual Insurance Company seeking payment for the injuries suffered by him. Claim for payment has been recognized by defendant Consolidated Mutual Insurance Company in a letter

from its Vice-President, Mr. Hugh Helfenstein dated September 15, 1969, copy of which is attached to his complaint and adopted by reference so as to form a part of it."

[2]. Law No. 10 of April 15, 1929.

plaintiff could not avail himself of the interruption of the prescription period under Article 1873, he then tried to establish that defendant was estopped from raising the defense of statute of limitations by its stating that it was willing to discuss the claim made by plaintiff. The Court held that plaintiff had not establisher that defendant's conduct constituted estoppel.

 Defendant assumes that in order for the running of the statute of limitations to be interrupted, defendant has to induce plaintiff to believe that his claim had been recognized. This assumption is undoubtedly derived from defendant's misunderstanding of the Cruz v. González decision.

In that case, the Puerto Rico Supreme Court cites the case of Bergeron v. Mansour, 1 Cir., 152 F.2d 27 (1945). In the *Bergeron* case, the Court of Appeals for the First Circuit was applying the substantive law of the State of Massachusetts under which a defendant is estopped from raising the defense of the statute of limitations if by his actions he has induced plaintiff to refrain from beginning judicial proceedings until the prescriptive period has run. However, as stated above, under Puerto Rican law one who is a creditor of defendant and who has made extrajudicial claims has no need to plead defendant's estoppel if the statute of limitations has run. It is enough that such extrajudicial claims have been made to interrupt the running of the statute of limitations and defendant's actions have no bearing on the matter.

The *Cruz* decision, properly understood, merely states that when plaintiff is not a creditor of defendant, extrajudicial claims are not sufficient to interrupt the running of the prescriptive period.

For the above stated reasons, the Court finds that plaintiff did in fact interrupt the prescriptive period contemplated by Article 1868 of the Puerto Rico Civil Code (31 L.P.R.A. § 5298) by his repeated extrajudicial claims for payment on his debtor Consolidated Mutual Insurance Company and therefore orders that defendant's motion to dismiss because the statutory period in which to file has run, be, and is hereby denied.