**PAN AMERICAN MATCH INC.,**
**Plaintiff, Appellant,**

v.

**SEARS, ROEBUCK AND CO. et al.,**
**Defendants, Appellees.**

**No. 71–1152.**

United States Court of Appeals,
First Circuit.

Heard Nov. 16, 1971.

Decided Jan. 10, 1972.

Arturo Aponte Pares, San Juan, P. R., for appellant.

Ruben Rodriguez-Antongiorgi, San Juan, P. R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P. R., was on brief, for appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT*, Senior Circuit Judge, and STEPHENSON*, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by plaintiff Pan American Match Inc. from final judgment dismissing its complaint with prejudice. Plaintiff brought the present action against Sears, Roebuck and Co., (Sears), and Sears Roebuck de Puerto Rico, Inc., (Sears P.R.), asserting diversity jurisdiction under 28 U.S.C.A. § 1332, and jurisdiction under the Civil Rights Act,[1] seeking to recover title and possession of 10,058 square meters of real estate in San Juan, Puerto Rico, previously owned by it, and damages.

The land here in controversy was condemned in 1958 by the Commonwealth of Puerto Rico for the benefit of the Puerto Rico Industrial Development Company (PRIDCO), a government instrumentality created by statute to promote industry and commerce. Just compensation as determined in the condemnation action was paid plaintiff. On August 26, 1959, PRIDCO sold such real estate together with some adjoining land to Sears, who later sold and conveyed the land to its wholly owned subsidiary Sears P.R. A first class Sears store was erected upon the premises.

Plaintiff in its complaint asserts the sale to Sears is a nullity because the sale to Sears was not for an authorized public purpose and PRIDCO failed to comply with the provisions of 28 L.P.R.A. §§ 6, 11, 12, 13 and 14, which in substance provide that when land con-

demned by the government has ceased to be of public utility, the persons from whom the land is taken shall be given a preferential right to reacquire the land and shall be given ninety days notice of intended sale. No notice of sale was given. Plaintiff filed a motion for summary judgment which was denied.

Defendants filed a motion to dismiss and a motion for summary judgment, asserting the action should be dismissed (1) for failure to state a cause of action; (2) for failure to join the Commonwealth and PRIDCO, who are asserted to be essential parties; and (3) upon the ground that the cause of action here asserted was fully and finally adjudicated against plaintiff in civil case No. E–65–187 before the Superior Court of Puerto Rico, entitled Pan American Match Inc. v. Sears Roebuck de Puerto Rico, Sears Roebuck and Co., the Commonwealth of Puerto Rico and Industrial Development Company of Puerto Rico. The federal trial court (Judge Cancio) sustained defendants' motion to dismiss and for summary judgment by order, memorandum opinion and judgment dated February 8, filed February 9, 1971, basing its decision on failure to state a cause of action and failure to join indispensable parties. The court also determined that the plaintiff's cause of action was fully adjudicated on the merits by the Commonwealth court and that such judgment became final, and under the doctrine of res judicata barred the present action. The action was dismissed with prejudice.

Plaintiff's motion for reconsideration and additional findings was denied by order dated March 19, filed March 23, 1971. The order for dismissal with prejudice was reaffirmed. Included in the court's order is the following:

"As set forth in this Court's memorandum opinion, the Court finds that no cause of action against defendants

---

* Of the Eighth Circuit, sitting by designation.

1. Plaintiff's contention that it has asserted a cause of action under the Civil Rights Act is frivolous. No substantial violation of federal constitutional rights is asserted.

flows out of the statute relied upon by the plaintiff. Moreover, plaintiff's claim was litigated before the Commonwealth courts and plaintiff elected not to seek a writ of review in the Commonwealth Supreme Court. Under the circumstances, the Court reaffirms its prior ruling of dismissal with prejudice."

This timely appeal followed. Plaintiff urges the court erred in dismissing its complaint upon each of the grounds urged in the defendants' motions. We are convinced the dismissal on the ground of res judicata is fully supported by record. Dismissal upon such ground is dispositive of this appeal.

The record before the trial court and before us consists of the pleadings in the present case, detailed affidavits, the complaint and the comprehensive findings of fact, conclusions of law and judgment entry made by the Commonwealth court in case No. E–65–187 and an agreement that no appeal was taken from such judgment. We find no dispute exists between the parties with respect to material facts.

■ It is undisputed that the defense of res judicata is applied by Puerto Rican courts. We may accept for our present purpose the rule urged by the plaintiff in its brief, as quoted from Melendez v. Cividanes, 63 P.R.R. 4, 11, which reads:

"The plea of *res judicata* arises from the necessity of putting an end to litigation. Hence, in order to invoke that doctrine successfully, a substantial identity between the subject matter, the causes of action, the parties and the capacity in which they acted, as well as the fact that the former adjudication was on the merits, must be established."

The Commonwealth court judgment relied upon was on the merits and final and involved the same subject matter as the present action, to wit the validity of the title to the land condemned by PRIDCO and conveyed by it to Sears and by Sears to Sears P.R. for commercial purposes.

Plaintiff urges res judicata does not apply because: (1) The parties defendant in the present action are not the same as the parties in case No. E–65–187. (2) The causes of action in the two cases are not the same. Plaintiff concedes that it was plaintiff in each suit. It points out that the defendants in the prior suit were Sears P.R., The Commonwealth and PRIDCO, while only Sears and Sears P.R. are defendants in the present case.

■■ Sears was named as a party in the Commonwealth case and is described as a party in the judgment entered. The postjudgment stipulation states that Sears was not served with process in the prior action and did not enter an appearance. The stipulation was made in connection with an agreement to waive attorneys' fees allowed in the prior action. The judgment was not modified with respect to leaving Sears as a party. In any event, Sears P.R., as above stated, is a wholly owned subsidiary of Sears to which Sears conveyed its interest in the land in controversy long prior to any of this litigation. There can be no question that Sears was aware of the Commonwealth action or that it participated in its defense. Under the undisputed facts before us, Sears P.R. is sufficiently identified with its parent company to represent the legal rights of the parent. Sufficient privity is established. *See* Van Brode Milling Co. v. Kellogg Co., D.C.Del., 113 F.Supp. 845; Towle v. Boeing Airplane Co., 8 Cir., 364 F.2d 590, 593. The fact that the Commonwealth and PRIDCO are not named defendants is not significant as Sears P.R. prior to either of the actions had acquired all interest of the Commonwealth and PRIDCO in the real estate.

■ Additionally, plaintiff asserted there is no identity of the causes of action in that in the Commonwealth suit plaintiff sought to recover the land on the basis the condemnation was a nullity because it was fraudulent and for an unauthorized purpose, while in the present action plaintiff urges that Sears P.R. acquired no valid title because plaintiff was not notified that the land was not

needed for a public purpose and that it was to be sold, nor was it afforded an opportunity to repurchase the condemned land, and that under such circumstances it is urged that the sale and transfers made by the Commonwealth and PRIDCO were void and a nullity. Thus the basic cause of action in each of the cases is that PRIDCO had no right to sell the land to Sears and that no valid title was acquired by Sears or Sears P.R. by reason of the conveyances made to them by PRIDCO.

While plaintiff in the prior action did not expressly raise the issue that it was entitled to notice of sale and opportunity to buy under the Puerto Rican statutes heretofore referred to, it did urge that under Puerto Rican law the sale of the land to Sears for commercial purposes was violative of Puerto Rican law. The sale to Sears occurred several years before the commencement of the Commonwealth action and the validity of the sale is an issue which could have been raised and should have been raised in the prior proceedings testing the validity of Sears' title to the land.

It is well settled that a litigant cannot split his cause of action and have two trials upon the same alleged breach of duty. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 320, 47 S.Ct. 600, 71 L.Ed. 1069; Towle v. Boeing Airplane Co., supra; Engelhardt v. Bell & Howell Co., 8 Cir., 327 F.2d 30, 32.

The law of res judicata as it relates to claim preclusion is firmly established. In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided. Tait v. Western Md. Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L. Ed. 195; Towle v. Boeing Airplane Co., supra; Engelhardt v. Bell & Howell Co.,

*supra.* Such principles are recognized by the Supreme Court of Puerto Rico.

In Cruz v. Ortiz, 82 P.R.R. 802, 811, the Court states:

"Only a few days ago we stated in Bolker v. Superior Court; Sosa, Int., ante, p. 785 (1961), that demurrer of res-judicata is directed, among other things to avoid the perpetuation of judicial controversies. We should add that it also serves the purpose of avoiding continuous hardship to one party by successively filing various suits related to the same matter. This is especially convenient in jurisdictions such as ours where our courts are heavily burdened with judicial work because of the large number of suits."

We agree with the conclusion of the trial court that "the cause of action which the plaintiff now brings before this court is basically the same as that exercised before the Superior Court." The action was properly dismissed with prejudice on the ground of res judicata —claim preclusion.

The judgment is affirmed.