**Benjamin Torrens GONZALEZ and Rosa Pacheco, Plaintiffs,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

**Civ. No. 380–70.**

United States District Court, D. Puerto Rico.

May 7, 1974.

Harvey B. Nachman, San Juan, P.R., for plaintiffs.

Eli B. Arroyo, San Juan, P.R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This cause is before the Court to dispose of several controversies that have been submitted by the parties in anticipation of trial, as they appear in the Pretrial Stipulation and Order entered on March 5, 1974. The parties submitted briefs on the issues on March 7th and 8th; and a hearing on the issues was held on March 8th. The issues now stand submitted upon the oral argument and the briefs.[1]

The following are the issues under our consideration:

1.—Are the causes of action asserted in the complaint barred by the running of the statute of limitations?

2.—Is the complaint dismissable for failure to file an amended complaint?

1. The attorney for defendant did not appear at the hearing, but duly notified the Court he was submitting the issues on his memorandum of law.

3.—Is dismissal of a companion case for want of prosecution in the Courts of the Commonwealth of Puerto Rico res judicata or does it bar these claims under the principle of collateral estoppel?

4.—Is coplaintiff Rosa Pacheco entitled to damages for loss of consortium, companionship and affection?

I. The first issue of the timeliness of the complaint is twofold inasmuch as the Court will have to consider whether both causes of action (that of Mr. Torrens Gonzalez and that of Mrs. Rosa Pacheco), are barred by the statute of limitations prescribed in Title 31, Laws of Puerto Rico Annotated, Section 5298.[2]

■ It is a settled principle of law that the statute of limitations in the Commonwealth of Puerto Rico may be interrupted by extrajudicial negotiations. See Trigo v. The Travelers Insurance Co., 91 D.P.R. 868 (1965); Bedard v. Consolidated Mutual Ins. Co. (D.C.P.R.1970), 313 F.Supp. 1020, and cases cited therein. See also Title 31, Laws of Puerto Rico Annotated, Section 5303.[3]

■ Counsel for plaintiffs makes a recitation of facts that he asserts show there is no justification for this defense or issue of law. It is not necessary to reassert here counsel's recitation. In our opinion, it suffices to say that the accident occurred on August 14, 1968 and the complaint was filed on June 1, 1970 and that the non-contested extrajudicial events that are revealed by the facts of this cause are sufficient for the tolling of a statute of limitations. We do not agree with defendant's statement to the effect that the last extrajudicial effort for a settlement was performed on May 15, 1969, when a check for $2,500 in settlement of the cause was sent by defendant to attorney Treviño,

co-counsel for plaintiff. Efforts are revealed posterior to said date to duly ascertain as to the magnitude of coplaintiff Torrens Gonzalez' damages; in which efforts, defendant appears to have participated. Such efforts run up to May 7, 1970 and in our opinion, they reflect they were made in contemplation of a possible settlement of the cause.

Notwithstanding, the aforesaid, it is not clear at all to the Court whether in view of such effort coplaintiff Rosa Pacheco's cause of action is not time barred. Defendant, in the alternative, nakedly asserts that the claims made by her are time barred since no extrajudicial claim for her possible damages was ever made. Counsel for plaintiffs does not reach the merits of such assertion, although it implies to the contrary.

The Court is at present in no position to dispose of this aspect of the first issue raised for our consideration. The parties have failed to adequately support their respective contentions on the issue. It may very well be that coplaintiff Rosa Pacheco's cause of action is time barred for her cause, under the law of the Commonwealth of Puerto Rico, could be said not to be derivative from her husband's cause, but an independent action. It may also very well be that all extrajudicial efforts, or some, were also performed for her benefit. This, we do not know now.

In view of the last said, the Court deems proper to have the parties brief the Court on this aspect of the case, with an adequate elaboration of the factual background and the applicable law. In this respect, the parties should refer to this Court's opinion in Gilbert v. Eli Lilly & Co. (D.C.P.R.1971), 337 F. Supp. 501 and cases cited therein, for what ever application they may have to the issue at bar as well as to any ap-

2. The mentioned Section reads in the pertinent part: "The following prescribe in one year: 2. Action to demand civil liability for . . . obligations arising from the fault or negligence mentioned in Section 5141 of this title, from the time the aggrieved person had knowledge thereof."

3. Section 5303 of Title 31, L.P.R.A., reads: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

plicable jurisprudence of the Supreme Court of the Commonwealth of Puerto Rico, or any persuasive jurisprudence of any other Court.

Since these causes are already set for trial to start today, there is insufficient time for this Court to dispose of this aspect of the first general issue. The Court feels that under the present circumstances the cause of justice is best served by having the parties submit the issues to the court, by simultaneous memoranda, no later than next Monday, April 1st, at 12:00 noon, unless another satisfactory agreement could be reached by the parties, and is accordingly approved by the Court. In view of the aforesaid, the Court will allow coplaintiff Rosa Pacheco's cause to come to trial, but subject to the to-be-made disposition on the issue as to the timeliness of her action. The Court will do all possible efforts to dispose in a definite manner of the said issue before the case reach the stage of closing arguments by the parties.

II. Being the fourth raised issue related to Mrs. Rosa Pacheco's cause, we will now refer to it. We have said that said issue is whether coplaintiff Rosa Pacheco is entitled to damages for loss of consortium, companionship and affection. Defendant alleges the same cannot be allowed and, therefore, must be stricken from the complaint, for to permit such recovery will amount to a double recovery by the plaintiffs. Defendant predicates such assertion upon its contention that under the law of the Commonwealth of Puerto Rico, Title 31, Laws of Puerto Rico Annotated, Section 282, the husband is legally bound to support his wife, and, therefore, the wife would be already benefiting by the husband's recovery for damages for his injuries. Defendant cites Deynes v. Texaco, 92 P. R.R. 215 (1965), which case stands for the proposition, in the applicable part, that a plaintiff's wife in an action for damages suffered by her husband, who due to the accident had to care for her

husband's needs (e. g. dressing, bathing, etc.), which may have caused her troubles and inconveniences, should not receive any compensation for fulfilling the elementary duties of a wife.[4]

■■ Plaintiff asserts the problem with this issue is one of harmonizing concepts familiar to the common law with those of civil law. That loss of consortium is recognized in common law jurisdictions is clear. Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S. Ct. 806, 39 L.Ed.2d 9 (1974). Plaintiff further asserts that the civil law, when it talks of the anxiety and distress of a wife witnessing her husband's sufferings, it means what the common law means when it speaks of loss of consortium. Accordingly, under such a caption, the wife would be getting compensation for her anxiety and distress caused by witnessing her husband's sufferings; item of damages clearly recognized under the law of the Commonwealth of Puerto Rico. See Ganapolsky v. Park Gardens Development Corp. (1 Cir. 1971), 439 F.2d 844. Thus, the inapplicability of the *Deynes* holding to the situation at bar.

In view of the aforesaid, coplaintiff Rosa Pacheco's claim for damages for loss of consortium cannot be stricken from the complaint. Notwithstanding, since we have already stated that at present the Court is in no position to dispose of defendant's claim as to the prescription of coplaintiff Rosa Pacheco's action, we would only permit such evidence to come to the attention of the jury subject to the to-be-made disposition on the issue of whether or not her action is time barred.

■ III. We find defendant's contention that the complaint is dismissible for failure of plaintiffs to file an amended complaint is meritless. Our disposition of July 15, 1970, was adequate and the dropping of the misjoined parties was a sufficient remedy under the Federal Rules of Civil Procedure.

4. She was, nevertheless, granted a compensation for moral suffering.

See Rule 21. Under circumstances like the one in this cause, no amended complaint has to be filed. Defendant's emphasis that the situation is contemplated under Rule 41 of the Federal Rules of Civil Procedure is totally misplaced. Furthermore, its cited opinion of John Birch Society v. National Broadcasting Company (2 Cir. 1967), 377 F.2d 194, does not deal with a situation like the one at bar; nor with a procedural disposition as the one at present under consideration. Defendant's stress upon that decision is so misplaced that it deserves no other statements than to say that we have never dismissed plaintiff's complaint with leave to file an amended complaint.

■■ One additional comment may be proper. It should be clear to defendant that it is contrary to the spirit of the Federal Rules of Civil Procedure that decisions on the merits of a cause be avoided on the basis of procedural technicalities. The purpose of pleading is only to facilitate a proper decision on the merits. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Our disposition has only helped the "just, speedy and inexpensive determination of every action" desired by the Federal Rules of Civil Procedure. See Rule 1.

IV. Defendant asserts that in view of the fact that plaintiffs in this cause initiated an action, said to be identical to the present one,[5] before the Superior Court of the Commonwealth of Puerto Rico; that the Superior Court dismissed the action before it for lack of prosecution on December 13, 1973; that the Superior Court refused, on January 14, 1974, to set aside the dismissal; and that under the law of the Commonwealth of Puerto Rico and under Federal law, a judgment of dismissal for lack of prosecution is equivalent to a judgment on its merits, the case at bar must be dismissed, either under principles of res judicata or of collateral estoppel by judgment. It asserts res judicata is applicable for it contends the parties to both suits are the same and the causes of action are the same. In the alternative, it proposes that plaintiffs be deemed to be estopped to pursue the present complaint in the face of the local court judgment under the doctrine of Blonder Tongue v. University Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

Defendant's propositions are made even though plaintiffs have moved in the local proceedings for relief under Rule 49.2 of the Rules of Civil Procedure for the Commonwealth of Puerto Rico, alleging excusable neglect, and defendant has entered an opposition therein, and the matter is at present under advisement in the local court.

■ At the outset it can be said that the res judicata and collateral estoppel by judgment issues are not properly before the Court. Res judicata and collateral estoppel by judgment are affirmative defenses that must be pleaded. Rule 8(c) of the Federal Rules of Civil Procedure. Blonder Tongue v. University Foundation, supra, at 350, 91 S.Ct. 1434. Such doctrines constitute affirmative defenses for they are concerned with the pleading of a matter not within plaintiffs' prima facie case, that is, they are asserted to avoid plaintiffs' cause of action. See Gilbert v. Eli Lilly & Co., Inc. (D.C.P.R.1972), 56 F.R.D. 116.

Notwithstanding, since the events that have permitted defendant to raise such contentions as to the applicability of the res judicata and collateral estoppel by judgment doctrines have occurred after it filed its answer to the complaint, with the statements of the corresponding affirmative defenses, and since as we have previously said, legal considerations are not to be disposed of on a wooden application of the Federal Rules of Civil Pro-

---

5. Defendant accepts that although it was named as a defendant in the local proceedings, in addition to Farmacia Blanco and Antonio Marrero Reyes, only Farmacia Blanco was served with process. Nevertheless, it seems to imply that such a fact is immaterial for the present purposes.

cedure, Foman v. Davis, supra, the Court will enter into the merits of defendant's contentions.

In our opinion, defendant's propositions in this respect cannot be sustained. The fact that a judgment of dismissal for lack of prosecution was entered against plaintiffs in the Commonwealth Courts and that the same is equivalent to a judgment on the merits, under the law of the Commonwealth of Puerto Rico and under Federal Law, Berrios v. International General Electric, 88 P.R.R. 106 (1963); Cesani v. Carlo, 86 P.R.R. 385 (1962); Rule 41(b) of the Federal Rules of Civil Procedure; Bartfield v. Parkhurst (D.C.P.R.1953), 117 F.Supp. 82, does not mean that the present action must be dismissed either under principles of res judicata or of collateral estoppel by judgment.

This Court has in the past applied the res judicata or "claim preclusion" doctrine and the collateral estoppel by judgment or "issue preclusion" doctrine following the standards set out under local and federal law. See In the Matter of Agregados de Manati (D.C.P.R.1972), 357 F.Supp. 1253. See also Pan American Match, Inc. v. Sears Roebuck & Co. (1 Cir. 1972), 454 F.2d 871.

■ Being the present action based on diversity of citizenship, we must apply the doctrine of res judicata and collateral estoppel by judgment as the same are applied by the Commonwealth Courts, Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1968); Hanna v. Plummer, 380 U. S. 460, 85 S. Ct. 1136, 14 L.Ed.2d 8 (1965).

■ Under Federal law and as well under the law of the Commonwealth of Puerto Rico for res judicata or "claims preclusion" to operate, there must be a repetitious action involving the same cause of action. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound, not only as to every matter which was offered and received

to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for the purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S. Ct. 806, 39 L.Ed.2d 9 (1974). See also In the Matter of Agregados de Manati, supra.

As the Supreme Court of the Commonwealth of Puerto Rico has said, "the rule of res judicata is based upon considerations of public policy and necessity: On the one hand, the interest of the State in terminating litigations in order that judicial issues may not be perpetuated, * * *, and on the advisability of impressing courts' decisions with due dignity * * *, and on the other hand, the desirability of not submitting a citizen twice to the inconveniences which the litigation of the same cause entails. Perez v. Bauzá, 83 P.R.R. 213, 217–218 (1961).

■ However, it is the law in the Commonwealth of Puerto Rico that said doctrine is not to be applied if in so doing the ends of justice would be defeated, especially if reasons of public policy are involved. Perez v. Bauza, supra, at 218. See also Feliciano Perez v. Alfonso Development Corporation, 96 P.R.R. 105 (1968). In so stating, the Perez court applied its stated equitable exception to a proposition that a posterior action by the same parties, under the same cause of action, was res judicata, in view of the dismissal for lack of prosecution entered in the previous action.

■ Herein, we likewise, believe that res judicata is inapplicable for we cannot permit that the ends of justice be defeated. Additionally, it must be seen that the Court's dismissal for lack of prosecution, as the record reflects, is being questioned at present, in the local proceedings. Such consideration is under advisement in view of plaintiffs' mo-

tion under Rule 49.2(1) of the Rules of Civil Procedure for the Commonwealth of Puerto Rico. Therefore, in our opinion, no final judgment is present.

Furthermore, the dismissal entered in the local proceedings was in relation to plaintiffs' claims against Farmacia Blanco. It could be questioned whether such dismissal could benefit defendant herein who was an unserved party in the local proceedings.

■ Additionally, in the Commonwealth of Puerto Rico for res judicata to apply, there must be mutuality of claims *and parties between the two actions.* That there is no mutuality of claims is evident for the cause of action before the Commonwealth courts against Farmacia Blanco, the only served defendant therein, is based upon Title 31, Laws of Puerto Rico Annotated, Section 5141 and 5142; while the claim against defendant herein comes under Title 26, Laws of Puerto Rico Annotated, Section 2001–2004. Accordingly, it can be seen that we are not before a repetitious suit involving the same causes of action. Sea-Land Services Inc. v. Gaudet, supra; wherein "claim preclusion" or res judicata is proper.

■ Likewise, there is no mutuality of parties in both proceedings. Defendant herein, as has been said, was an unserved party in the local proceedings. The action, which is still active in view of the motion under advisement, was being followed against Farmacia Blanco, the insured by defendant herein.

Nor do we believe that defendant's proposition that collateral estoppel by judgment applies is meritorious.

■ The Supreme Court of the United States has stated that collateral estoppel applies where a "second action between the same parties is upon a different cause of action or demand . . . In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted upon the determination of

which the finding or verdict was rendered.' ·* * *. Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which are not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated". Sea-Land Services, Inc. v. Gaudet, supra, 94 S.Ct. at 819.

■ The aforesaid statement as to the general law of collateral estoppel by judgment is also the law in the Commonwealth of Puerto Rico. See *In the Matter of Agregados de Manati,* supra. Under local law, the doctrine of collateral estoppel is but one aspect or modality of the doctrine of res judicata, Isaac Sanchez v. Universal C.I.T. Endit, 95 P. R.R. 361 (1967); Capó Sanchez v. Secretary of the Treasury, 90 P.R.R. 145 (1964); Riera v. Piza, 85 P.R.R. 256. See also 1B Moore's Fed. Practice, 0.405 [1], p. 621, which attends the consideration of precluding the relitigation of issues, rather than claims. Accordingly, the policy considerations that permeate the application of the res judicata principle, under Commonwealth law, Perez v. Bauza, supra, are applicable to the consideration of the applicability of the doctrine of collateral estoppel by judgment.

■ That collateral estoppel by judgment is inapplicable herein is evident. In the action before the Superior Court of the Commonwealth of Puerto Rico, no judgment has been entered as to any matter in issue or point controverted; thereby, we would not find ourselves actually litigating and determining issues considered in local proceedings. Nothing has been liltigated that may estop the plaintiffs. No issue has ever been fully and fairly adjudicated.

We recognize that the requirement of mutuality of parties in the application of res judicata and of collateral estoppel by judgment seems to be no longer determinative under Federal law. In

Blonder Tongue v. University Foundation [6] the Supreme Court elaborated an exception to the judge-made rule of mutuality of estoppel by judgment which ordained that, unless both parties (or their privies) in a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in the second action. See 1B Moore's Federal Practice, 0.411 [1], p. 1251.

■ Today, only the party against whom the plea of collateral estoppel by judgment is asserted has to be in privity with a party in the prior action. It now seems to suffice that the thing to be litigated in the second action was actually litigated in the previous suit, a final judgment was therein entered, and the party against whom the judgment in the first action is to be invoked had opportunity to litigate the matter and did actually litigate it. See also Humphreys v. Tann (6 Cir. 1973), 487 F.2d 666.

■ That such a treatment of the doctrines of res judicata and collateral estoppel by judgment is permissible under the law of the Commonwealth of Puerto Rico is questionable. The mutuality of parties is a requirement of the doctrines of res judicata and collateral estoppel by judgment in the Commonwealth of Puerto Rico. See e.g. A.A.A. v. Beléndez, 98 D.P.R. 516 (1970); Isaac Sanchez v. Universal C.I.T. Endit, supra. Hence, we believe the *Blonder Tongue* rationale is inapplicable in the Commonwealth of Puerto Rico.

Furthermore, even if the *Blonder Tongue* rationale would be applicable in the Commonwealth of Puerto Rico, it still would not be applicable to the facts and circumstances of the case at bar for the reasons we have previously stated, while considering the inapplicability of the doctrine of collateral estoppel by judgment. The applicability of such a doctrine rests on the facts and circumstances of each case; it is not of wooden application.

■ Under the law of the Commonwealth of Puerto Rico, the policy considerations that require that the doctrine of res judicata and collateral estoppel by judgment be applied in a flexible manner, keeping in mind that justice be achieved, especially if reasons of public policy are involved, Perez v. Bauzá, supra, would make such doctrine inapplicable to the situation at bar.

In view of the foregoing findings, the Court denies contrary to the defendant's propositions, all the issues raised for our consideration, except for the issue held in abeyance until further disposition; and it further

Orders that the parties submit the necessary brief on the issue held in abeyance as instructed in the body of this opinion.

It is so ordered.

## ORDER

Among the issues presented to this Court for decision prior to the trial, was the issue of whether co-plaintiff Rosa Pacheco's individual claim was time-barred since no specific extra judicial claim for her damages was ever made. The Court resolved all issues in its Order of March 28, 1974, except this question. During the trial the Court denied defendant's motion, and this Order sets forth the reasons for so doing.

The original claim letter by plaintiffs' counsel was written on September 24, 1968, and acknowledgement thereof was promptly made and negotiations immediately entered into. By May of 1969, a tentative settlement had been reached when plaintiffs' counsel learned of the incompetent's deteriorating condition. By November 10, 1969, the defendant was served with a copy of the neurologist's report and plaintiff had consented to a physical examination by a neurosur-

---

6. The case deals with an action where a patentee sought to relitigate the validity of a patent that had previously been declared invalid by another federal court in an action wherein said patentee was also plaintiff.

geon selected by defendant. The findings of that doctor confirmed the post-traumatic encephalopathy sustained by Mr. Torrens.

 At the time this accident occurred, a suit could not be filed in Puerto Rico except by the administrator of the community property. Robles Ostolaza v. U. P. R., 96 P.R.R. 570. The claim filed on behalf of the administrator of the community property interrupted the running of the statute of limitations for both spouses because that was the law on the date of the claim letter, and the status quo was preserved by the decision of the Supreme Court which stated in part:

"We believe it is convenient to explain that the actions which may have been brought to date by the conjugal partnership, or by the husband as administrator· of the conjugal partnership, to recover damages sustained by any of the spouses shall not be dismissed on that ground. However, in the judgments to be rendered, the compensation which should be granted will be adjudicated to the corresponding spouse in accordance with that decision." 96 P.R.R. at page 585.

Thus, the defendant when it received its notice knew that any spouse might claim and it was also given actual notice of the condition of the incompetent and knew that it had affected his wife.

Whatever claim Rosa Pacheco had in her individual capacity was minimal until she learned that her husband was suffering from a brain condition attributable to the accident. This did not occur until November of 1969, and since suit was filed in June of 1970, it was filed well within the year that she knew of her claim. Considering further that the direct action statute was designed and enacted to insure subtantial justice and the avoidance of technicalities, we find that under all the circumstances of this case Rosa Pacheco's individual claim had not prescribed at the time the original claim was interrupted, as it was interrupted on behalf of both spouses and

even if the law changed thereafter, it did not operate as a retroactive ground for dismissal of any suit not brought individually. After due deliberation, the defendant's motion is denied.

It is so ordered.