Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez,
a la que se une la Jueza Asociada Señora Fiol Matta.
Disiento del curso seguido por una mayoría de este Tribunal por entender que la demanda de daños y perjuicios *216 ante nuestra consideración está prescrita al no haberse in-terrumpido el término de prescripción.
I
A continuación un resumen de los hechos relevantes a la controversia ante nuestra consideración. El 13 de noviem-bre de 2009, la Sra. María G. Rivera Fernández sufrió una caída mientras caminaba por una acera del Municipio Au-tónomo de Carolina (Municipio). El 8 de diciembre de 2009, veintiséis días después del accidente, la señora Rivera Fer-nández acudió a la alcaldía del Municipio y cumplimentó un formulario titulado “Informe de Accidente” provisto por el Municipio. Allí indicó su información personal, la natu-raleza del accidente, la información de los testigos y el tra-tamiento recibido hasta ese momento. Debido a que el for-mulario no contenía un encasillado para especificar la cuantía o el remedio solicitado, en el informe no se indicó tal información.
El 21 de abril de 2010, la señora Rivera Fernández, a través de su representación legal, envió una segunda notificación al Municipio en la que detalló los hechos, la información de los testigos, el tratamiento recibido y la compen-sación solicitada. El 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, la señora Rivera Fernández envió misivas a la aseguradora del Municipio, Acosta Adjustment, Inc. (aseguradora), que contenían la información provista al Municipio.(1) El 27 de diciembre de 2011, la señora Rivera Fernández presentó una demanda contra el Municipio y la aseguradora.
El 6 de marzo de 2012, la aseguradora presentó una solicitud de sentencia sumaria en la que alegó que la póliza de responsabilidad pública se extinguió al agotarse el *217 fondo para cubrir reclamaciones y otros gastos. El 12 de abril de 2012, el Tribunal de Instancia emitió una senten-cia parcial en la que desestimó la demanda en contra de la aseguradora. Posteriormente, el Municipio presentó una solicitud de desestimación de la demanda por falta de no-tificación y prescripción. En síntesis, el Municipio sostuvo que el Informe de Accidente cumplimentado por la señora Rivera Fernández no cumplió con los requisitos de notifi-cación que establece el Art. 15.003 de la Ley de Municipios Autónomos, 21 LPRA see. 4703. Además, alegó que la causa de acción estaba prescrita al no haberse interrum-pido el término prescriptivo de un año para reclamar daños y perjuicios. El Tribunal de Primera Instancia denegó la solicitud. Inconforme, el Municipio acudió ante el Tribunal de Apelaciones mediante recurso de certiorari.
El foro apelativo intermedio revocó la determinación del foro primario. Concluyó que el Informe de Accidente pre-sentado por la señora Rivera Fernández no cumplió con los requisitos de notificación que establece el Art. 15.003 de la Ley de Municipios Autónomos, supra. Por lo tanto, en au-sencia de una notificación apropiada en el término de no-venta días, la señora Rivera Fernández no podía instar la reclamación judicial contra el Municipio por lo que proce-día la desestimación de la demanda. Resuelto lo anterior, el Tribunal de Apelaciones sostuvo que era innecesario dis-cutir si en efecto el término prescriptivo fue o no interrumpido.
Inconforme con tal determinación, la señora Rivera Fer-nández acude ante este Tribunal y alegó, como único seña-lamiento de error, que erró el foro apelativo intermedio al resolver que no se cumplió con el requisito de notificación.
II
Hoy una mayoría de este Tribunal concluye correcta-mente que la señora Rivera Fernández cumplió con el re- *218 quisito de notificación que establece el Art. 15.003 de la Ley de Municipios Autónomos, 21 LPRA see. 4703. Por tal razón, coincido con la mayoría en que erró el Tribunal de Apelaciones al desestimar la causa de acción por falta de notificación. Ahora bien, atendido ese error, restaba consi-derar los planteamientos de prescripción esgrimidos por el Municipio relacionados con la falta de interrupción del tér-mino prescriptivo. En cambio, la mayoría innecesaria-mente devuelve el caso al Tribunal de Apelaciones para que atienda el planteamiento sobre prescripción. Al así proceder, la mayoría elude la responsabilidad de atender el planteamiento de prescripción el cual, para todos los efec-tos prácticos, es dispositivo de esta controversia. Pasemos entonces a discutir el derecho aplicable.
A. En numerosas ocasiones hemos señalado que la prescripción extintiva es una institución de derecho sustantivo que constituye una forma de extinguir un derecho debido a la inercia en ejercerlo durante un período de tiempo determinado. Santiago v. Ríos Alonso, 156 DPR 181, 188 (2002); Galib Frangle v. El Vocero de P.R., 138 DPR 560 (1995). Esta institución no es susceptible a la flexibilidad que caracteriza a las normas procesales. Una vez se determina que una causa de acción está prescrita, resulta imperativa su desestimación. Umpierre Biascoechea v. Banco Popular, 170 DPR 205, 206 (2007) (Rodríguez Rodríguez, J., Op. Conformidad); Vera v. Dr. Bravo, 161 DPR 308, 321 (2004). Ello responde a que el propósito de la prescripción es fomentar el reclamo oportuno de los derechos y procurar la tranquilidad del obligado contra la eterna pendencia de una acción civil en su contra. Ortiz v. P.R. Telephone, 162 DPR 715, 733 (2004).
De esta manera “se protege la estabilidad de las relaciones jurídicas, principio trascendental del ordenamiento jurídico, que tiene prelación sobre los derechos particulares que puedan resultar afectados con la aplicación de la fi *219 gura de la prescripción”. García Pérez v. Corp. Serv. Mujer, 174 DPR 138, 164 (2008) (Rodríguez Rodríguez, J., Opinión disidente). Véase Westernbank v. Registradora, 172 DPR 71 (2007) (Rodríguez Rodríguez, J., Op. Conformidad). En materia de daños y perjuicios, el Art. 1868 (31 LPRA sec. 5298) establece que las obligaciones derivadas de la culpa o negligencia, según establecido en el Art. 1802 del Código Civil, 31 LPRA sec. 5141, prescriben por el transcurso de un año. Este término comienza a transcurrir desde que el agraviado supo del daño.
B. Ahora bien, debido a que la existencia de la figura de la prescripción extintiva en nuestro ordenamiento se fundamenta en que la inercia o inactividad por parte del titular de un derecho, nos permite presumir el abandono de su derecho, si tal inactividad cesa no operará la prescripción. García Aponte et al. v. E.L.A. et al., 135 DPR 137 (1994). Es decir, de ocurrir un “acto de interrupción, la presunción en virtud de la cual se da la prescripción se desvanece, por lo que resulta lógico que se deje sin efecto el plazo de tiempo transcurrido, el cual debe comenzar de nuevo”. íd., pág. 143.
A tales efectos, el Art. 1873 del Código Civil, 31 LPRA sec. 5303, dispone que “[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por recla-mación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor”. El efecto de la interrupción es que el plazo de prescripción debe volver a computarse en toda su extensión desde que se produce el acto que interrumpe el periodo de inacción o inercia. Sánchez v. Aut. de los Puertos, 153 DPR 559 (2001); González v. Wal-Mart, Inc., 147 DPR 215 (1998).
En el caso de la interrupción mediante la reclamación extrajudicial, “ésta se refiere a la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo”. Sánchez v. Aut. de los Puertos, *220 supra, pág. 568. Para que una reclamación extrajudicial constituya una interrupción de la prescripción debe cum-plir con los requisitos siguientes:
(a) La reclamación debe ser oportuna, lo cual requiere que se realice antes de la consumación del plazo.
(b) Es necesaria la legitimación del reclamante. Ello re-quiere que la reclamación se haga por el titular del derecho o acción cuya prescripción quiere interrumpirse.
(c) Se requiere la idoneidad del medio utilizado para reali-zar la reclamación.
(d) Por último, debe existir identidad entre el derecho reclamado y aquel afectado por la prescripción. De León v. Caparra Center, 147 DPR 797, 805 (1999).
C. Para propósitos de la controversia ante nuestra consideración, es menester señalar que el Art. 20.030 del Código de Seguros permite que una persona que haya su-frido algún daño o perjuicio por algún acto culposo o negli-gente dirija su curso de acción legal contra: (1) el asegu-rado; (2) el asegurador, o (3) ambos en conjunto. 26 LPRA see. 2003. Por tal razón, hemos señalado que una acción directa contra la compañía aseguradora del causante del daño es distinta y separada de la acción que se inicie contra el asegurado. Torres Pérez v. Colón García, 105 DPR 616, 627 (1977).
Según esta norma, hemos reconocido que cuando el agraviado decide dirigir su causa de acción exclusivamente contra la aseguradora de un municipio, no tiene que cumplir con el requisito de notificación al municipio. Torres Pérez v. Colón García, supra, pág. 627.(2) Es decir, precisa-mente por la independencia de las causas, al asegurador de un municipio no le aprovecha el requisito de notificación del daño en el término de noventa días. Íd.; García v. Northern Assurance Co., 92 DPR 245, 254 (1965).
*221 Por su parte, en Cruz v. González, 66 DPR 212 (1945), específicamente consideramos si la interrupción de la prescripción respecto a la aseguradora perjudicaba por igual al asegurado. Al rechazar la existencia de una relación solidaria entre la aseguradora y el asegurado, y en ausencia de un pacto en contrario, concluimos que la reclamación extrajudicial dirigida a la aseguradora no perjudicó el término prescriptivo del asegurado. Id. Posteriormente, en Durán Cepeda v. Morales Lebrón, 112 DPR 623 (1982), reafirmamos este raciocinio al desestimar la causa de acción en contra del asegurado (Estado) por no haberse interrum-pido la prescripción en contra de este, mas no así la causa de acción en contra de su aseguradora.(3)
III
En el caso ante nuestra consideración, la señora Rivera Fernández sufrió una caída el 13 de noviembre de 2009. Veintiséis días después, cumplimentó el Informe de Accidente. Posteriormente, el 21 de abril de 2010, la señora Rivera Fernández envió una carta al Municipio en la que detalló los hechos, la información de los testigos, el trata-miento recibido y la compensación solicitada. Esta misiva fue enviada en el término de un año y tuvo el efecto de interrumpir el término prescriptivo.
No obstante, con posterioridad a la misiva de 21 de abril de 2010, la señora Rivera Fernández solo se comunicó con la aseguradora del Municipio. Es decir, a partir de la carta de 21 de abril de 2010, la señora Rivera Fernández no *222 cursó comunicación alguna al Municipio hasta la presenta-ción de la demanda, el 27 de diciembre de 2011. Por lo tanto, para efectos de la controversia ante nuestra conside-ración procedía determinar si las tres cartas dirigidas ex-clusivamente a la aseguradora del Municipio interrumpían el término prescriptivo contra el Municipio. Según la normativa reseñada, entendemos que no. Siendo la causa de acción en contra de la aseguradora una causa de acción independiente a la del Municipio, las cartas enviadas a la aseguradora no interrumpieron el término prescriptivo en contra del Municipio.(4) Por consiguiente, procedía la des-estimación de la causa de acción por prescripción.
Como hemos visto, el Derecho aplicable a esta contro-versia es bien sencillo. ¿Para qué postergar la solución de esta controversia?
IV
Por todo lo anterior, disiento del curso seguido por una mayoría del Tribunal. En su lugar, hubiera confirmado la desestimación de la demanda por prescripción.

 Estas comunicaciones solo fueron dirigidas a la aseguradora.

 En aquella ocasión interpretamos el Art. 96 de la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960, similar al Art. 15.003 de la Ley de Municipios Autónomos, 21 LPRA sec. 4703.

 En específico señalamos lo siguiente:
“La dilucidación de estas cuestiones afecta únicamente a los recurrentes y a Universal [aseguradora del Estado]. En lo que respecta al Estado Libre Asociado, la acción claramente prescribió bajo cualquier punto de vista. Los recurrentes aguar-daron más de un año después de desestimarse la acción contra el Estado para actuar ante el Tribunal Superior. Debe confirmarse en consecuencia el dictamen recurrido en lo que respecta al Estado Libre Asociado”. Durán Cepeda v. Morales Lebrón, 112 DPR 623, 624-625 (1982).

 Adviértase que en este caso no había un pacto de solidaridad entre la asegu-radora y el asegurado.