*1025 TEXTO COMPLETO DE LA SENTENCIA
El 11 de octubre de 2002, el Hospital Metropolitano presentó Petición de Certiorari y nos solicitó la revocación de la Resolución emitida el 3 de julio de 2002, notificada el 13 de septiembre de 2002, por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso de Rosa M. Díaz Acevedo v. Unidad Laboral de Enfermeras(os) de la Salud y Otros, Civil Número KDP-2002-0275, sobre Difamación, Persecución y Daños y Perjuicios. Mediante dicha resolución, el Tribunal de Primera Instancia declaró No Ha Lugar la Moción de Desestimación presentada por el Hospital Metropolitano.
Por los fundamentos que expondremos, EXPEDIMOS el Auto de Certiorari solicitado y REVOCAMOS la Resolución recurrida.
El 20 de junio de 1997, Rosa M. Díaz Acevedo (en adelante Díaz) presentó Demanda de Difamación, Persecución y Daños y Perjuicios contra la Unidad Laboral de Enfermeras(os) de la Salud (en adelante ULESS), la Sra. Ana C. Meléndez (en adelante Meléndez), en su carácter personal y en su carácter de Presidenta de la ULESS, y el Hospital Metropolitano.
En la misma, Díaz alegó que la ULESS llevó a cabo una huelga durante los meses de julio y agosto del 1996 en el Hospital Metropolitano; que ella fue presionada, hostigada y difamada por la ULESS y Meléndez en esa huelga; y que, debido a ello, el Hospital Metropolitano la había despedido sin motivo alguno. Por lo tanto, Díaz solicitó al Tribunal de Primera Instancia que declarara Con Lugar la demanda y condenara a los co-demandados pagar solidariamente la suma de $160,752.00 por daños y perjuicios y salarios dejados de devengar.
El 17 de octubre de 1997, el Hospital Metropolitano envió a Díaz un Pliego de Interrogatorios. Como Díaz no contestó los mismos, el 13 de enero de 1998, el Hospital Metropolitano solicitó al Tribunal de Primera Instancia que emitiera Orden al amparo de la Regla 34.1 de Procedimiento Civil, 32 L.P.R.A. Apéndice III. El Tribunal de Primera Instancia accedió a lo solicitado y el 20 de enero de 1998, notificada el 30 de enero de 1998, ordenó a Díaz contestar el referido interrogatorio en un término de 20 días.
El 6 de marzo de 1998, el Hospital Metropolitano solicitó al Tribunal de Primera Instancia que impusiera a Díaz sanciones al amparo de la Regla 34.2 de Procedimiento Civil, supra, porque ésta no había contestado los interrogatorios enviados. El 24 de marzo de 1998, notificada el 1 de abril de 1998, el Tribunal de Primera Instancia emitió Orden e impuso al representante legal de Díaz una sanción económica de $500.00 por incumplir la orden previamente emitida. Dicha sanción debía ser consignada en un plazo de 20 días.
Nuevamente, el representante legal de Díaz incumplió con la orden del Tribunal de Primera Instancia. Por ello, el 5 de mayo de 1998, el Hospital Metropolitano solicitó a Instancia que desestimara la demanda presentada por Díaz. Sin embargo, en vez de desestimar la demanda, el 15 de mayo de 1998, notificada el 21 de mayo de 1998, el Tribunal de Primera Instancia emitió Resolución y Orden. En lo pertinente, Instancia dispuso *1026 lo siguiente:

“Advertido el incumplimiento reiterado de la demandante a órdenes del Tribunal, de fechas 20 de enero de 1998 y 24 de marzo de 1998, se le apercibe, tanto a la demandante, Rosa M. Díaz Acevedo, como a su abogado, Ledo. Ceferino Flores Fernández, que de no consignar la suma de $500.00 en concepto de sanciones económicas que le fueran impuestas el 24 de marzo de 1998, dentro de los próximos 10 días y, asimismo, de no contestar en el mismo plazo el interrogatorio del Hospital Metropolitano del 17 de octubre de 1997, se dictará sentencia parcial desestimando, con perjuicio, su reclamación en contra del Hospital Metropolitano.

Notifíquese a la demandante mediante acuse de recibo a la dirección que informa en la demanda, Calle Guarionex MI, Apartamento 1, Hato Rey, PR 00917.

Notifíquese al Ledo. Ceferino Flores Fernández, a su dirección de récord, Calle Acosta #32, Apartado 1209, Caguas, PR 00726.” 

Ni Díaz ni su representante legal cumplieron con lo ordenado, por lo que, el 7 de agosto de 1998, notificada el 14 de agosto de 1998, el Tribunal de Primera Instancia emitió la siguiente Sentencia:

“Atendida la naturaleza de la reclamación de epígrafe y la falta de diligencia del demandante para atender el trámite de la reclamación de título, sin que haya atendido orden de fecha 15 de mayo de 1998, a virtud de las disposiciones de la Regla 39.2 (a) de Procedimiento Civil vigente, se dicta sentencia, con perjuicio, y se ordena el sobreseimiento y archivo del presente caso.

REGISTRESE Y NOTIFIQUESE.” 

Así las cosas, el 15 de febrero de 2002, Díaz presentó una segunda Demanda contra la ULESS, Meléndez y el Hospital Metropolitano. En ésta, Díaz alegó que durante septiembre de 2001, tuvo conocimiento de que su primera demanda fue desestimada por incumplimiento de órdenes del Tribunal de Primera Instancia, que “el referido incumplimiento ocurrió esencialmente por la trágica enfermedad del Ledo. Ceferino Flores Fernández quien sufría coetáneamente a la fecha en que se dicta sentencia de una condición neurológica central conocida en el argot médico como Cerebral Vascular Accident (CVA)” y que “la parte demandante radica el presente caso conforme a las mismas alegaciones radicadas en el caso KDP97-1203. ”
El 23 de abril de 2002, el Hospital Metropolitano presentó Moción para Desestimar la Demanda y alegó que “la sentencia del 7 de agosto de 1998, desestimando el pleito con perjuicio, tiene el efecto de una adjudicación en los méritos que impide que se radique nuevamente la demanda.” En la alternativa, el Hospital Metropolitano solicitó al Tribunal de Primera Instancia que “considere esta moción como una solicitud de sentencia sumaria al amparo de la Regla 36 de las Reglas de Procedimiento Civil y dicte sentencia sumaria a favor del demandado compareciente, desestimando la demanda e imponiendo a la demandante el pago de las costas y honorarios de abogado.”
El 14 de mayo de 2002, notificada el 4 de junio de 2002, el Tribunal de Primera Instancia emitió Orden y concedió a Díaz un término de 30 días para mostrar causa por la cual no debía desestimar su segunda demanda. Sin embargo, el 3 de julio de 2002, notificada el 13 de septiembre de 2002, el Tribunal de Primera Instancia emitió Resolución y declaró No Ha Lugar la desestimación solicitada por el Hospital Metropolitano.
Inconforme, el 11 de octubre de 2002, el Hospital Metropolitano compareció ante este Tribunal mediante Petición de Certiorari y nos solicitó la revocación de la resolución emitida por el Tribunal de Primera Instancia. En síntesis, el Hospital Metropolitano alegó que Instancia erró al denegar la sentencia sumaria solicitada y no aplicar las doctrinas de cosa juzgada y prescripción extintiva.
*1027 El 25 de octubre de 2002, notificada el 20 de octubre de 2002, emitimos Resolución Interlocutoria y concedimos a Díaz un término de 30 días para mostrar causa por la cual este Tribunal no debía expedir el Auto solicitado y revocar la resolución emitida por el Tribunal de Primera Instancia. Díaz no cumplió con nuestra orden, por lo que, el 9 de diciembre de 2002, el Hospital Metropolitano presentó Moción Informativa y nos solicitó la revocación de la resolución recurrida.
Aunque el 20 de diciembre de 2002, Díaz presentó Moción Solicitando Prórroga Adicional, éste áun no ha cumplido con nuestra orden del 25 de octubre de 2002.
II
La doctrina de cosa juzgada, res judicata pro veritate habetur, opera en Puerto Rico en virtud de lo dispuesto en el Artículo 1204 del Código Civil, 31 L.P.R.A. Sección 3343. En lo pertinente, dicho artículo señala que:

“Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en un juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. ”

En Worldwide Food Dis., Inc. v. Colón, et al, 133 D.P.R. 827, 834 (1993), el Tribunal Supremo expresó lo siguiente en relación con la doctrina de cosa juzgada:
“Por cosa juzgada se entiende lo ya resuelto por fallo firme de un juez o tribunal competente y lleva en sí la firmeza de irrevocabilidad. Indica también el respeto debido a lo fallado y ala autoridad que lo resolvió... el fundamento de la cosa juzgada no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino que se encuentra en la esencia misma de la resolución judicial, que no merecería tal nombre ni tendría fuerza y resultado, si no se fortaleciera de ese modo. ” J.M. Manresa y Navarro, Comentarios al Código Civil Español, 6ta ed. rev., Madrid, Ed. Reus, 1967, Tomo VIII, Volumen 2, páginas 278-279.
Dicha doctrina persigue el propósito de proteger a los litigantes de las molestias que supone litigar en repetidas ocasiones la misma controversia, promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes. En definitiva, pretende dar la debida dignidad a las actuaciones de los tribunales, Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 218-219 (1992); Vázquez v. A.R.P.E., 128 D.P.R. 513, 535 (1991); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978).
El efecto de la doctrina de cosa juzgada es evitar que en un pleito posterior sean litigadas cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior, Worldwide Food Dis., Inc. v. Colón, et al, supra, página 833; Rodríguez Rodríguez v. Colberg Comas, supra, página 219; Banco de la Vivienda v. Carlo Ortiz, 130 D.P.R. 730, 739 (1992); Pagán Hernández v. U.P.R., supra, páginas 732-733. De este modo, la aplicación de la doctrina de cosa juzgada presupone que entre el pleito ya resuelto, y aquél en el que es planteada dicha doctrina, acontezca identidad de cosas, causas, litigantes y la calidad en que lo fueron, Worldwide Food Dis., Inc. v. Colón, et al, supra, página 834.
Debido a que el efecto de la aplicación de la doctrina de cosa juzgada es que el (la) juez, conforme a lo resuelto en un pleito anterior, adjudicará la controversia ante sí sin que las partes lleguen a juicio, consistentemente la jurisprudencia ha exigido que concurra “la más perfecta identidad!'’ de los elementos que señala el Artículo 1204 del Código Civil, supra. Acevedo v. Western Digital Caribe, Inc. 140 D.P.R. 452, 464 *1028 (1996); Rodríguez Oyola v. Machado Díaz, 136 D.P.R. 250, 256 (1994); Rodríguez Rodríguez v. Colberg Comas, supra, página 219; P.I.P. v. C.E.E., 120 D.P.R. 580, 604-606 (1988); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 764 (1981); Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533, 535 (1975); Fresh-O-Baking Co. v. Molinos de P.R., 103 D.P.R. 509, 514 (1975); Bolker v. Tribunal Superior, 82 D.P.R. 816, 823-825 (1961).
En A & P Gen. Contractors v. Asoc. Caná, supra, el Tribunal Supremo de Puerto Rico discutió cada uno de estos elementos. El primero de éstos, la cosa, es el “objeto o materia sobre el cual se ejercita la acción. ” La causa fue definida como “el motivo de pedir... el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas.” En cuanto a las personas, “se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas.” Artículo 1204 del Código Civil, supra. La calidad de los litigantes es el carácter en el cual la persona viene al pleito, i.e. acreedor, deudor, poseedor, etcétera.
A su vez, para la aplicación de la doctrina de cosa juzgada, hay identidad de causas cuando la nueva acción está embebida en la anterior, o fuera consecuencia inseparable de ella. Para cumplir con la identidad de cosas, basta que las acciones hagan referencia al mismo asunto, aunque en una sea abordado totalmente y en otra parcialmente. En cuanto a la identidad de personas, rige la doctrina de mutualidad, conforme lo dispuesto en el Artículo 1204 del Código Civil, supra, complementado por el Artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. Sección 1793, Acevedo v. Western Digital Caribe, Inc., supra, páginas 464-465.
III
Por su parte, el Artículo 1802 del Código Civil, 31 L.P.R.A. Sección 5141, establece que el que por acción u omisión causa daño a otro, siempre que intervenga culpa o negligencia, viene obligado a reparar el daño causado. A su vez, el Artículo 1868 del Código Civil, 31 L.P.R.A. Sección 5298, establece que la acción para exigir la responsabilidad civil por las obligaciones derivadas del Artículo 1802 del Código Civil, supra, prescribe por el transcurso de un año contado a partir desde que el agraviado supo del daño.
Como es sabido, la prescripción extintiva es una norma de derecho sustantivo regida por las disposiciones del Código Civil de Puerto Rico, la cual constituye una forma de extinción de los derechos debido a la inercia de la relación jurídica durante un período de tiempo determinado. Su fundamento estriba en la necesidad de poner fin a la inseguridad jurídica y a otros efectos adversos que surgen cuando posibles acciones judiciales son postergadas o dejadas pendientes. También, la prescripción extintiva persigue el fin de sancionar el abandono de los derechos por el titular de éstos porque la seguridad jurídica exige dotar de firmeza las relaciones jurídicas, Maldonado Vega v. Russe Santiago, _ D.P.R. _ (2001), 2001 J.T.S. 17, página 834; Padín Espinosa v. Compañía de Fomento Industrial de Puerto Rico, _ D.P.R. _ (2000), 2000 J.T.S. 44, página 759; Martínez v. Soc. de Gananciales, 145 D.P.R. 93, 101-102 (1998); Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560, 566 (1995); Vega v. J. Pérez & Cía., Inc., 135 D.P.R. 746, 753 (1994); García Aponte v. E.L.A, et al., 135 D.P.R. 137, 142 (1994).
La prescripción extintiva pretende asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. Además, la prescripción extintiva sirve a la paz jurídica, a la seguridad general y al bien público, las cuales no pueden quedar al arbitrio de los particulares. Su innegable necesidad y valor responden a una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamar un derecho. No obstante, ninguno de los intereses a los cuales responde la prescripción extintiva es absoluto porque deben ser aquilatados en su justa proyección, Maldonado Vega v. Russe Santiago, supra, página 834; Padín Espinosa v. Compañía de Fomento Industrial de Puerto Rico, supra, página 759; Galib Frangie v. El Vocero de P.R., supra, página 566; Vega v. J. Pérez & Cía., Inc., supra, páginas 753-754; Alicea v. Córdova, 117 D.P.R. 676, 684 (1986); Agulló v. ASERCO, 104 D.P.R. 244, 248 (1975); Eisele v. Orcasitas, 85 D.P.R. 89, *1029 93 (1962).
IV
En el presente recurso, el Hospital Metropolitano alega que el Tribunal de Primera Instancia erró al emitir resolución y denegar la desestimación solicitada. Luego de analizar el expediente ante nuestra consideración, así como el derecho y la jurisprudencia aplicable, resolvemos que el Tribunal de Primera Instancia debió haber desestimado la segunda demanda presentada por Díaz.
Aunque reconocemos que el derecho de un ciudadano a tener su día en corte es un valor en el orden social demasiado apreciable para ser prontamente sacrificado, también reconocemos que ese derecho puede ser privado en casos extremos donde “no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas,” Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 497 (1982); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822 (1980); Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1974); Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823, 829 (1962). Precisamente, este es uno de esos casos extremos.
Del expediente de autos, surge que antes de emitir sentencia en el caso KDP-97-1203, el Tribunal de Primera Instancia concedió múltiples prórrogas al representante legal de Díaz para cumplir con las órdenes emitidas. Como el representante legal no cumplió con las mismas, Instancia impuso sanciones económicas a éste. Eso también fue inefectivo y el Tribunal de Primera Instancia apercibió, tanto al representante legal como a la propia Díaz, por medio de correo certificado con acuse de recibo, que si la referida sanción económica no era pagada y las órdenes relacionadas a la contestación del interrogatorio no eran cumplidas, el caso sería desestimado con perjuicio.
Ni Díaz ni su representante legal cumplieron con lo ordenado por el Tribunal de Primera Instancia y del expediente ante nos, no surge evidencia de que la notificación enviada a Díaz fuera devuelta por el correo federal. Por lo tanto, dadas la circunstancias extremas evidenciadas en el primer caso, y dado el alto grado de dejadez y desatención de Díaz y su representante legal en la tramitación del mismo, el Tribunal de Primera Instancia procedió a desestimar con perjuicio la primera demanda.
Lo anterior nos lleva a concluir que el Tribunal de Primera Instancia debió haber desestimado la segunda demanda presentada por Díaz por el fundamento de cosa juzgada. Entre la primera y segunda demanda hay la más perfecta identidad de cosas, causas, litigantes y la calidad en que lo fueron. La segunda demanda versa sobre los mismos hechos y la misma razón de pedir que la primera demanda, es decir, hay identidad de cosas y causas, y en ambas demandas comparecen las mismas partes en la misma calidad; máxime cuando en la segunda demanda Díaz alegó que “la parte demandante radica el presente caso conforme a las mismas alegaciones radicadas en el caso KDP97-1203. ”
La sentencia emitida por el Tribunal de Primera Instancia en la primera demanda ordenó el sobreseimiento y archivo de la misma, con perjuicio, debido a la falta de diligencia, tanto de Díaz como de su representante legal. Al ser con perjuicio, ese sobreseimiento y archivo tiene el efecto de una adjudicación en sus méritos y constituye cosa juzgada en cuanto a la segunda demanda presentada por Díaz.
Por último, debemos señalar que, aun si la desestimación de la primera demanda hubiera sido sin perjuicio, también procedería la desestimación de la segunda demanda por el fundamento de prescripción extintiva. A partir de la notificación de la primera sentencia, Díaz hubiera tenido un año para presentar la segunda demanda. Sin embargo, Díaz esperó casi cuatro años para presentar la segunda demanda. De esa manera, el término prescriptivo no quedó interrumpido, y al momento de presentar la segunda demanda, la causa de acción de Díaz ya hubiera prescrito.
*1030 V
En virtud de los fundamentos que anteceden, EXPEDIMOS el Auto de Certiorari solicitado y REVOCAMOS la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 52
1. Civil Número KDP-97-1203 (806).
2. Apéndice de la Petición de Certiorari, a la página 27.
3. Apéndice de la Petición de Certiorari, a la página 8.
4. Civil Número KDP-02-0275 (806).