BELINDA GARCÍA APONTE, IVONNE GARCÍA y FELIPE GARCÍA, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO; CORPORACIONES A,B,C,H; FULANO y ZUTANO, y ASEGURADORAS D,E y F, demandados y recurridos.

*Número:* RE-93-328          *Resuelto:* 8 de febrero de 1994

*Raúl Dávila Rivera*, de *Bauzá & Dávila*, abogado de los demandantes y recurrentes; *Carlos Lugo Fiol, Procurador General Interino, y Laura G. Ydrach Vivoni, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

I

Nos corresponde determinar en qué momento comienza a transcurrir nuevamente el término prescriptivo de un (1)

año dispuesto por el Art. 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298, que fue interrumpido por la presentación de una demanda y que posteriormente fue desistida al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Por los fundamentos expuestos más adelante, concluimos que dicho término comienza a transcurrir nuevamente a partir de la fecha *cuando se presenta ante el Tribunal el aviso de desistimiento.*

## II

Los codemandantes —Belinda, Felipe e Ivonne, todos de apellido García— son los padres y abuela, respectivamente, de un bebé que murió poco después de nacer en el Hospital de Área de Guayama. En vista de lo anterior, el 10 de noviembre de 1989, los codemandantes presentaron una demanda contra el Estado Libre Asociado de Puerto Rico (en adelante el Estado), entre otros, para alegar —en síntesis— que la muerte del bebé se "debió a la culpa y/o negligencia de los demandados" y reclamar los daños sufridos por éstos como resultado de la muerte. Apéndice 3, pág. 1.

Posteriormente, y a tenor con lo dispuesto por la Regla 39.1(a)(1) de Procedimiento Civil, *supra*, los demandantes presentaron un aviso de desistimiento voluntario. *El 24 de enero de 1990* se dictó una sentencia de archivo sin perjuicio, la cual fue archivada en autos y notificada el *2 de febrero de 1990.*

Así las cosas, *el 4 de febrero de 1991* los demandantes presentaron nuevamente una demanda donde se volvió a incluir, entre otros, al Estado como demandado, quien a su vez presentó una demanda contra tercero contra la Universidad de Ciencias Médicas San Juan Bautista, Inc. Esta última solicitó la desestimación del pleito invocando la defensa de prescripción. En términos generales, alegó que al

momento de presentarse la segunda demanda, el 4 de febrero de 1991, ésta ya había prescrito, y argumentó que el término prescriptivo debía computarse a partir del momento cuando se *dictó* la sentencia de archivo, el 24 de enero de 1990.

Por su parte, los demandantes presentaron un escrito en oposición en el que sostuvieron que el nuevo término prescriptivo debía computarse a partir del momento cuando se *archivó* en autos la copia de la notificación de la sentencia de archivo, es decir, el 2 de febrero de 1990. Bajo esta teoría, argumentaron que el término prescriptivo venció el sábado 2 de febrero de 1991, por lo que se extendió hasta el lunes 4 de febrero, cuando se presentó la demanda por segunda vez.

Sometida la controversia ante la consideración del tribunal de instancia, éste dictó la sentencia, desestimando las causas de acción instadas por Felipe e Ivonne García por entender que éstas habían prescrito.[1] Específicamente, acogió la teoría del tercero demandado para concluir que la reclamación de la codemandante Ivonne García había prescrito el 24 de enero de 1991, esto es, al año de haberse *dictado* la sentencia de archivo. Con relación a la reclamación de Felipe García, concluyó que ésta había prescrito por el fundamento de que éste advino a la mayoría de edad el 18 de septiembre de 1989, por lo que tan sólo tenía hasta el 18 de septiembre de 1990 para presentar "su acción personal".

No conformes, los codemandantes Ivonne y Felipe García acuden ante nos mediante el recurso de revisión, señalando que:

La cuestión de derecho que se plantea en este recurso es si el nuevo término prescriptivo de una causa de acción en daños y perjuicios que fue radicada y luego archivada sin perjuicio co-

---

[1] Con respecto a la codemandante Belinda García (madre del bebé), el tribunal de instancia concluyó que la acción no estaba prescrita por ésta ser menor de edad al momento de dictarse la sentencia desestimatoria.

mienza a correr nuevamente desde que se dictó la sentencia de archivo o desde que se notificó la misma. En otras palabras, la cuestión planteada es si una sentencia comienza a surtir efectos desde que se dictó o desde que se notificó a las partes. Solicitud de revisión, pág. 3.

Oportunamente, concedimos un término a la parte recurrida para que mostrara causa por la cual no debíamos revocar la sentencia dictada por el tribunal de instancia. Con el beneficio de ambas comparecencias, estamos en posición de resolver y así procedemos.

## III

Nos corresponde determinar la fecha a partir de la cual comienza nuevamente a transcurrir el término prescriptivo de un (1) año dispuesto por el Art. 1868 del Código Civil de Puerto Rico, *supra*, cuando el demandante desiste del pleito voluntariamente, sin perjuicio y con anterioridad a que la parte adversa notifique su alegación responsiva o su moción en la que solicite sentencia sumaria, conforme lo autoriza la Regla 39.1(a)(1) de Procedimiento Civil, *supra*.

En respuesta a la interrogante antes señalada, cada compareciente ante nos fija el inicio del nuevo término prescriptivo en una fecha distinta. De una parte, los demandantes recurrentes fijan el inicio en la fecha cuando se archiva en autos la copia de la notificación de la sentencia de archivo, "ya que a tenor con la Regla 46 de las de Procedimiento Civil" este es el momento a partir del cual la sentencia surte efecto. Solicitud de revisión, pág. 3. De otra parte, el Estado —demandado recurrido— asume una postura más amplia al señalar que "el punto de partida para contar el nuevo término prescriptivo, una vez se ha interrumpido el mismo por el ejercicio de una acción judicial, es aquel en que culminó *definitivamente* la acción interruptiva, es decir, cuando la acción interruptiva adviene final y firme y no antes". (Énfasis en el original.) Escrito para mostrar causa, págs. 5–6.

Finalmente, la demandada recurrida, Universidad de Ciencias Médicas San Juan Bautista, Inc. fija el inicio del nuevo término prescriptivo en la fecha cuando la parte actora presenta el aviso ·de desistimiento. En apoyo de su posición alega, en términos generales, que la mera presentación del aviso de desistimiento tiene "el efecto de causar la inmediata terminación del litigio sin necesidad de la expedición de orden, resolución o sentencia alguna del Tribunal". (Énfasis suprimido.) Escrito en cumplimiento de orden, pág. 4. Añade que tal desistimiento no admite remedio postsentencia por parte del demandante, por lo cual la notificación de la sentencia que aprueba tal desistimiento es innecesaria.

Cualquier respuesta a la interrogante que nos ocupa ha de estar orientada por los principios que informan la institución de la prescripción extintiva.

■■■ Sabido es que la prescripción extintiva es una norma de derecho sustantivo regida por las disposiciones del Código Civil de Puerto Rico y constituye una forma de extinción de los derechos, dada la inercia de la relación jurídica durante un periodo de tiempo determinado. El transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo haya reclamado, da lugar a la presunción legal de abandono de éste, lo que junto a la exigencia de la seguridad jurídica —que en aras del interés general precisa dotar de firmeza las relaciones jurídicas— constituyen los fundamentos básicos de la prescripción extintiva. *Cintrón v. E.L.A.*, 127 D.P.R. 582 (1990). Luego de transcurrir el término prescriptivo, el derecho del acreedor pierde su fuerza coactiva, de modo que el sujeto pasivo puede negarse a cumplir con su obligación en virtud de que la reclamación fue tardía. Cuando finaliza la acción dirigida a hacer valer el derecho, tan sólo subsiste entre las partes una obligación natural o moral no reclamable por la vía judicial. *Rivera Castillo v. Mun. de San Juan*, 130 D.P.R. 683 (1992); *Zambrana Maldonado v. E.L.A.*, 129

D.P.R. 740 (1992); G. Orozco Pardo, *La Interrupción de la prescripción extintiva en el Derecho Civil*, Granada, Ed. U. de Granada, 1986, pág. 15 *et seq.*; J. Puig Brutau, *Caducidad, Prescripción Extintiva y Usucapión*, Barcelona, Ed. Bosch, 1986, pág. 26 *et seq.*

■ Ahora bien, por ser la prescripción un fenómeno fundamentado en la inercia o inactividad del titular que nos permite presumir el abandono del derecho, si tal inactividad cesa, no operará la prescripción al faltar uno (1) de sus requisitos. La interrupción de la prescripción se fundamenta en la actividad o ruptura de aquella inercia. El acto interruptivo *representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada con anterioridad a que el plazo de deliberación se agote*. Al ocurrir el acto de interrupción, la presunción en virtud de la cual se da la prescripción se desvanece, por lo que resulta lógico que se deje sin efecto el plazo de tiempo transcurrido, el cual debe comenzar de nuevo. *Zambrana Maldonado v. E.L.A.*, supra; *Cintrón v. E.L.A.*, supra; *De Jesús v. Chardón*, 116 D.P.R. 238 (1985); Pardo, *op. cit.*, págs. 17, 31 y 33.

■ La prescripción de las acciones se interrumpe por el ejercicio de éstas ante los tribunales, por la reclamación extrajudicial del acreedor o mediante cualquier acto de reconocimiento de deuda por parte del deudor. Art. 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5303.

■ Con relación a la interrupción mediante una reclamación judicial, en *Silva Wiscovich v. Weber Dental Mfg. Co.*, 119 D.P.R. 550, 562 (1987), resolvimos que la presentación de una demanda, de la cual el actor desiste voluntariamente sin perjuicio antes de que los demandados fueran emplazados, detiene el término prescriptivo a los fines de la prescripción extintiva debido a que la presentación oportuna de la demanda demuestra que "no medió el abandono necesario, derivado del simple transcurrir del

tiempo". *Silva Wiscovich v. Weber Dental Mfg. Co.*, supra, pág. 562. Allí destacamos que el desistimiento referido representa una reserva del derecho de volver a presentar la reclamación.

Con respecto al momento a partir del cual se inicia el transcurso del nuevo término prescriptivo en el caso citado, señalamos que "[e]l término comienza a contarse de nuevo íntegramente desde que terminó definitivamente la acción ejercitada", esto es, " 'cuando cesen los efectos de la interpelación' ". *Silva Wiscovich v. Weber Dental Mfg. Co.*, supra, págs. 561 y 562.

Ahora bien, ¿cuándo termina definitivamente una acción que es desistida al amparo de la Regla 39.1(a)(1), *supra?* La respuesta a esta interrogante la encontramos en la jurisprudencia interpretativa de la citada regla.

■    Específicamente, en lo pertinente a la controversia ante nos, la Regla 39.1(a)(1), *supra*, establece que

> ... un demandante *podrá desistir de un pleito sin orden del tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria*, cualesquiera de éstas que se notifique primero. (Énfasis suplido.)

Se ha interpretado que al amparo del inciso (1) de la Regla 39.1(a), *supra*, el demandante tiene derecho a desistir de la tramitación de la acción.

> Para el actor desistente, en realidad constituye un privilegio procesal inmune a la imposición de términos o condiciones, a menos que él se los imponga en su propio aviso. *Causa la inmediata terminación del litigio que inició*; pero la causa de acción o reclamación ejercitada no se extingue; puede reclamarla una vez más. Su completa *efectividad se adquiere tan pronto se presenta en el tribunal el aviso* declarativo de la voluntad de desistir; toda orden o resolución desestimatoria resulta superflua. (Énfasis suplido.) J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986,

Vol. II, pág. 202: Veáse *Kane v. República de Cuba*, 90 D.P.R. 428 (1964).(²)

La prescripción tiene su fundamento en la inercia durante un tiempo determinado, la cual se interrumpe mediante la manifestación inequívoca de un *acto de voluntad* contrario al mantenimiento de la situación inerte. De igual forma, la mera presentación del aviso de desistimiento con anterioridad a que la parte adversa notifique la alegación responsiva o una moción de sentencia sumaria, constituye *una manifestación inequívoca de la voluntad* de desistir de la acción emprendida que interrumpió el término prescriptivo. Tal manifestación no admite oposición de la parte adversa ni requiere de la aprobación del tribunal para surtir efecto, de modo que causa la inmediata terminación del litigio. *Kane v. República de Cuba*, supra.

█ Conforme lo resuelto por nosotros en *Silva Wiscovich v. Weber Dental Mfg. Co.*, supra, la presentación ante el tribunal del aviso de desistimiento pone fin al pleito y constituye, por lo tanto, la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo. La expresión inequívoca de la voluntad de desistir es el elemento determinante *de que cesó* el efecto interruptivo de la acción judicial. Los eventos posteriores a tal manifestación de voluntad, como la fecha en que el tribunal dicta sentencia, la archiva y notifica o ésta adviene final y firme, nada tienen que ver con que surta efecto dicha expresión de voluntad y, por consiguiente, resultan impertinentes. Siendo ello así, resulta forzoso concluir que al momento de instar la demanda por segunda vez la causa de acción de los codemandantes Felipe e Ivonne García estaba prescrita.

Aunque del expediente ante nos no se desprende la fecha cuando se presentó el aviso de desistimiento, resulta

---

(²) Aun cuando en el caso citado se interpreta la Regla 39.1 de 1958 (32 L.P.R.A. Ap. II), la norma en él adoptada continúa vigente y es, por lo tanto, de aplicación al caso ante nos, pues el texto de la regla anterior corresponde sustancialmente al de la regla vigente.

obvio que fue anterior a la fecha en que se dictó la sentencia de archivo (24 de enero de 1990), de modo que a la fecha en que se presentó la segunda demanda (4 de febrero de 1991) la acción ya estaba prescrita.

Por los fundamentos expuestos, *se expide el auto y se confirma la sentencia recurrida.*

