EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María G. Rivera Fernández<br><br>      Peticionaria<br><br>              v.<br><br>Municipio Autónomo de Carolina<br><br>      Recurrido | Certiorari<br><br>2014 TSPR 9<br><br>190 DPR ____ |

Número del Caso: CC-2012-786


Fecha: 29 de enero de 2014


Tribunal de Apelaciones: Región Judicial de Carolina


Abogado de la Parte Peticionaria:

        Lcda. Johanna Feliciano González

Abogada de la Parte Recurrido:

        Lcdo. Ricardo Cacho Rodríguez



Materia: Ley de Municipios Autónomos – Art. 15.003: forma de entrega de la notificación previa al Alcalde en relación por daños contra el municipio.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Certiorari*

María G. Rivera Fernández

    Peticionaria

        v.

Municipio Autónomo de Carolina      CC-2012-0786

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García

En San Juan, Puerto Rico, a 29 de enero de 2014.

El recurso de autos nos brinda la oportunidad de interpretar por primera vez parte del inciso (a) del Art. 15.003 de la Ley de Municipios Autónomos, Ley Núm. 81-1991, 21 L.P.R.A. sec. 4703, ("Ley Núm. 81" o "Ley de Municipios Autónomos"). En específico, nos corresponde evaluar la forma de entrega de la notificación previa al Alcalde con la cual debe cumplir toda persona que presente una reclamación en contra de un municipio por daños personales o a la propiedad, según dispone el referido precepto.

Por entender que la notificación realizada en el caso de autos fue conforme a derecho, revocamos la determinación del foro *a quo*. A continuación hacemos un recuento de los antecedentes fácticos

pertinentes que dieron génesis a la controversia que hoy nos ocupa.

## I

Según surge del expediente, el 13 de noviembre de 2009 la peticionaria, la Sra. María G. Rivera Fernández ("señora Rivera" o "peticionaria"), presuntamente sufrió una caída mientras caminaba por una acera pública del Municipio de Carolina ("el Municipio" o "recurrido").[1] El 8 de diciembre de 2009, veintiséis días después del accidente, la señora Rivera completó y presentó personalmente en la Alcaldía del Municipio un formulario titulado "Informe de Incidente" provisto por el propio Municipio.[2] En este, la señora Rivera especificó su información personal, describió la naturaleza del accidente, indicó la información de los testigos y el tratamiento médico recibido hasta ese momento. No obstante, el Informe no especificaba la cuantía o el remedio solicitado debido a que el formulario no contenía un encasillado para tal información.[3]

El 21 de abril de 2010, la representación legal de la peticionaria envió una segunda notificación dirigida al Alcalde del Municipio en la cual detalló los hechos, la información de los testigos, el tratamiento recibido y la

---

[1] Véase, Apéndice de la Petición de *Certiorari*, *Demanda*, págs. 11-14.
[2] Íd., *Informe de Incidente*, pág. 1.
[3] Como resultado del accidente, la señora Rivera presuntamente recibió distintos tratamientos médicos que comenzaron con un referido el 10 de diciembre de 2009 a un programa de 20 sesiones de terapia física para recuperar la fuerza muscular y movilidad de la extremidad superior derecha. Luego de múltiples terapias, el 19 de abril de 2011 el Dr. Francisco M. López González refrendó los resultados de los estudios realizados y decidió operar el hombro derecho de la señora Rivera.

compensación solicitada.[4] Esta comunicación fue recibida en la Oficina de Asuntos Legales del Municipio. Posteriormente, entre el mes de agosto de 2010 y el mes de octubre de 2011, la representante legal de la señora Rivera envió varias comunicaciones a la compañía aseguradora del Municipio en las que precisó la misma información notificada al recurrido.[5]

Finalmente, el 27 de diciembre de 2011, la señora Rivera presentó una demanda de daños y perjuicios contra el Municipio y su compañía aseguradora.[6] Subsiguientemente, el Municipio presentó una moción de desestimación.[7] De acuerdo al Municipio, el Informe de Incidente suscrito por la señora Rivera no constituye la notificación requerida por el Art. 15.003 de la Ley de Municipios Autónomos, *supra*, ya que no especifica la compensación monetaria solicitada y el tipo de remedio adecuado al daño sufrido. Atendido el requerido petitorio, el 18 de mayo de 2012 el Tribunal de Primera Instancia emitió una orden y declaró no ha lugar la solicitud del recurrido.[8]

---

[4] Íd., *Segundo Aviso*, págs. 2-3.
[5] Íd., *Carta de la Lcda. Johanna Feliciano González a Acosta Adjusment, Inc. del 19 de agosto de 2010*, págs. 4-5; *Carta de la Lcda. Johanna Feliciano González a Acosta Adjusment, Inc. del 15 de febrero de 2011*, págs. 7-8; *Carta de la Lcda. Johanna Feliciano González a Acosta Adjusment, Inc. del 30 de septiembre de 2011*, págs. 9-10.
[6] La reclamación en contra de la compañía aseguradora del Municipio fue desestimada por el Tribunal de Primera Instancia, ya que la póliza de responsabilidad pública expedida para beneficio de los Municipios de Puerto Rico se extinguió al agotarse el fondo o agregado para cubrir reclamaciones. Véase, Apéndice de la Petición de *Certiorari*, *Sentencia Parcial*, págs. 17-18.
[7] Íd., *Moción Solicitando Desestimación de la Demanda por falta de Notificación al Municipio y Prescripción*, págs. 19-24.
[8] Íd., *Orden del Tribunal de Primera Instancia, Sala de Carolina*, pág. 29.

No conteste con esa determinación, el Municipio acudió al Tribunal de Apelaciones mediante una petición de *certiorari*.[9] En esta adujo que el foro primario erró al resolver que la señora Rivera cumplió con el requisito de notificación previa y que la demanda presentada no estaba prescrita. Visto el recurso, el foro intermedio concluyó, en esencia, que el Informe de Incidente completado por la peticionaria era insuficiente a la luz de los criterios establecidos en el Art. 15.003 de la Ley de Municipios Autónomos, *supra*.[10] Ello porque la notificación debía ser remitida directamente al Alcalde del Municipio y debía incluir la cuantía o el remedio solicitado. Siendo así, el Tribunal de Apelaciones entendió innecesario discutir el planteamiento de prescripción presentado por el Municipio.

Inconforme con el dictamen del Tribunal de Apelaciones, la señora Rivera comparece ante nos mediante un recurso de *certiorari* y señala el siguiente error:

> **Erró el Tribunal de Apelaciones al resolver que la peticionaria no cumplió con el requisito de notificación previa del Art. 15.003 de la Ley de Municipios Autónomos, e incurrió en error manifiesto en la interpretación de la prueba y al no aplicar la jurisprudencia que exime del cumplimiento de la letra de la ley en aquellos casos donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde dicho requisito no resulta adversamente afectado, como ocurre en el presente caso.**

En síntesis, la contención de la señora Rivera es que al completar el Informe de Incidente personalmente en el Municipio de Carolina y en presencia de un funcionario

---

[9] Íd., *Certiorari*, págs. 30-43.
[10] Íd., *Sentencia del Tribunal de Apelaciones*, págs. 60-68.

municipal, cumplió con el requisito de notificación al Alcalde. En vista de ello, nos solicita que revoquemos el dictamen emitido por el foro apelativo. Por su parte, el Municipio se limita a exponer, en esencia, que el Informe de Incidente no constituyó la notificación previa requerida por la Ley de Municipio Autónomos. Por lo tanto, solicita que confirmemos la determinación del Tribunal de Apelaciones.[11]

Examinado el recurso presentado por la peticionaria, el 21 de diciembre de 2012 expedimos el auto solicitado. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia que nos ocupa.

## II

### A

Previo a atender el asunto principal ante nuestra consideración, debemos tener presente los preceptos que rigen en nuestro ordenamiento jurídico relativos a la interpretación de las leyes y al principio de hermenéutica legal. En ese contexto, hallamos que el Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14, dispone que cuando una ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu.

No obstante, en ocasiones anteriores hemos expresado que:

> [l]os tribunales estamos autorizados a *interpretar* las leyes cuando, entre otras, éstas

---

[11] Véase Alegato de la Parte Recurrida.

> no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma; o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. Consejo de Titulares v. Gómez Estremera, 184 D.P.R. 407, 428-429 (2012); véase, además, Pueblo v. Ortega Santiago, 125 D.P.R. 203, 214 (1990).

Conforme a ello, hemos reiterado que la letra de la ley no debe seguirse ciegamente cuando ello iría en detrimento de su espíritu y su fin. Consejo de Titulares v. Gómez Estremera, supra, pág. 429; Alonso García v. S.L.G., 155 D.P.R. 91, 99 (2001); Sucn. Álvarez v. Srio. de Justicia, 150 D.P.R. 252, 274 (2000). En ese sentido, aplica el principio rector que hemos enunciado en ocasiones anteriores que dispone que "[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente quiso obtenerse". Consejo de Titulares v. Gómez Estremera, supra, pág. 29; Morell et al. v. Ojeda et al., 151 D.P.R. 864, 877 (2000); Chase Manhattan Bank v. Mun. de San Juan, 126 D.P.R. 759, 766 (1990).[12]

En cumplimiento con ese deber, debemos evitar una interpretación que pueda conducir a resultados absurdos e irrazonables. ASG v. Mun. de San Juan, 168 D.P.R. 337, 344

---

[12] Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 245.

(2006); Díaz Marín v. Mun. de San Juan, 117 D.P.R. 334, 342 (1986). Esto porque las leyes deben ser interpretadas con miras a lograr resultados sensatos, lógicos y razonables que representen y salvaguarden la efectividad de la intención legislativa. ASG v. Mun. de San Juan, supra.

**B**

Con tales principios como norte, es imperativo exponer el marco estatutario y jurisprudencial sobre el requisito de notificación previa a los municipios. Esto con el objetivo de contextualizar las expresiones que más adelante formularemos sobre cómo debe realizarse tal notificación, conforme a los propósitos diseñados por la Asamblea Legislativa al promulgar la Ley de Municipios Autónomos.

El requisito de notificación al Alcalde previo a la iniciación de cualquier reclamación judicial por daños personales o a la propiedad causados por culpa o negligencia del municipio fue establecido por vez primera en la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960, según enmendada, 21 L.P.R.A. ant. sec. 2001 *et seq.*[13] Desde entonces esta Curia ha abordado e interpretado

---

[13] En lo pertinente, el Art. 96 de la Ley Municipal de 1960 disponía lo siguiente:

> (a) Toda persona que tenga reclamaciones de cualquier clase contra una corporación municipal, por daños personales o a la propiedad, causados por culpa o negligencia de la corporación municipal, deberá presentar al jefe ejecutivo de ésta una notificación escrita, haciendo constar en forma clara y concisa la fecha, sitio, causa y naturaleza general del daño sufrido, la cuantía de la compensación monetaria o

tal requisito en múltiples ocasiones, siendo la primera vez en <u>Mangual v. Tribunal Superior</u>, 88 D.P.R. 491 (1963).

En aquella ocasión establecimos que la notificación previa en el plazo establecido por ley tiene el propósito de poner sobre aviso a la entidad municipal de que ha surgido una probable causa de acción por daños en su contra. Íd., pág. 494. Esto con el fin de que el municipio

el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante así como el sitio donde recibió tratamiento médico en primera instancia.

(b) Dicha notificación se entregará al jefe ejecutivo de la corporación municipal remitiéndola por correo certificado, o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará al jefe ejecutivo municipal dentro de los noventa días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta días siguientes a la fecha en que cese la incapacidad.

(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligada a notificar la reclamación dentro de los noventa días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad, custodia o tutela no lo hiciere.

(e) No podrá iniciarse acción judicial de clase alguna contra una corporación municipal por daños causados por la culpa o negligencia de aquélla si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta ley. Lo anterior es aplicable únicamente a los daños causados por cualquier corporación municipal con posterioridad a la vigencia de esta ley.

Es pertinente mencionar que las leyes municipales anteriores, tales como la Ley Núm. 53 de 28 de abril de 1928 que establecía un sistema de gobierno municipal; la Ley Núm. 85 de 31 julio de 1919 que disponía para un Sistema de Gobierno Local y reorganización de los Servicios Municipales; la Ley Municipal de 1906 que disponía para el establecimiento de un sistema de gobierno local y la Ley Sobre Municipalidades de 1ro de marzo de 1902 no contenían disposición alguna que requiriera notificación previa a la iniciación de la acción.

involucrado pueda activar sus recursos de investigación prontamente, antes de que desaparezcan los testigos y las pruebas objetivas en orden a la preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma. Íd. Además del objetivo de desalentar las reclamaciones infundadas, mitigar el importe de los daños sufridos y advertir a las autoridades sobre la posible necesidad de una reserva en el presupuesto anual. Íd.

Posteriormente, la Ley de Municipios de 1960 fue derogada y sustituida por la Ley Orgánica de Municipios de 1980, Ley Núm. 146 de 18 de junio de 1980, 21 L.P.R.A. ant. sec. 2001 *et seq.* Esta legislación también incluyó un requisito de notificación al primer ejecutivo municipal previo a la iniciación de cualquier reclamación judicial. Véase, Art. 11.03 de la Ley Orgánica de Municipios de 1980, 21 L.P.R.A. ant. sec. 3403; véase, además, Passalacqua v. Mun. de San Juan, 116 D.P.R. 618 (1985).

Subsiguientemente, la Asamblea Legislativa derogó y sustituyó la Ley Orgánica de Municipios de 1980, *supra*, con la Ley de Municipios Autónomos, Ley Núm. 81-1991, 21 L.P.R.A. sec. 4001 *et seq.*, la cual fue promulgada con el fin de establecer la constitución, organización, administración y funcionamiento de los municipios.[14] *Véase*:

---

[14] La Ley de Municipios Autónomos fue una de las cuatro legislaciones que integraban la denominada reforma municipal. Las otras leyes aprobadas durante esta época fueron: (1) la Ley del Centro de Recaudación de Ingresos Municipales, Ley Núm. 80-1991, 21 L.P.R.A. sec. 5801 *et seq*; (2) la Ley de Contribución Municipal sobre la Propiedad de 1991, Ley Núm. 83-1991, 21 L.P.R.A. sec. 5001 *et seq*; (3)

Exposición de Motivos de la Ley Núm. 81-1991, P. de la C.
1296, 11ma Asamblea, pág. 1; véase, además, Const. José
Carro v. Mun. de Dorado, 186 D.P.R. 113, 121 (2011). Lo
anterior dirigido a otorgarles "el máximo posible de
autonomía y proveerles las herramientas financieras y los
poderes y facultades necesarias para asumir un rol central
y fundamental en su desarrollo urbano, social y
económico". Véase, Art. 1.002 de la Ley Núm. 81, *supra*, 21
L.P.R.A. sec. 4001n.

Conforme a la referida política pública, la Ley de
Municipios Autónomos, *supra*, regula, entre otros asuntos,
el procedimiento que debe seguir toda persona que interesa
presentar una reclamación judicial en contra de un
municipio por los daños ocasionados por su culpa o
negligencia. Sobre este particular, el artículo 15.003 de
la Ley Núm. 81, *supra*, dispone lo siguiente:

> **[t]oda persona que tenga reclamaciones de
> cualquier clase contra un municipio por daños
> personales o a la propiedad, ocasionados por la
> culpa o negligencia del municipio, deberá
> presentar al Alcalde una notificación escrita,**
> haciendo constar en forma clara y concisa la
> fecha, lugar, causa y naturaleza general del
> daño sufrido. En dicha notificación se
> especificará, además, la cuantía de la
> compensación monetaria o el tipo de remedio
> adecuado al daño sufrido, los nombres y
> direcciones de sus testigos y la dirección del
> reclamante, y en los casos de daño a la persona,

---

la Ley de Patentes Municipales, Ley Núm. 82-1991, 21 L.P.R.A. sec.
651a *et seq*. Para mayor detalles sobre el proceso de promulgación de
las mencionadas leyes, *véase*, Santana Rabel, Leonardo & Negrón
Portillo, Mario. La reforma municipal en Puerto Rico. Escuela Graduada
de Administración Pública, UPR (1993), el cual contiene una
recopilación de las ponencias de los Seminarios-Talleres que el
Programa de Actualización en Administración Municipal preparó y brindó
en los años 1991, 1992 y 1993.

el lugar donde recibió tratamiento médico en primera instancia.

**(a) Forma de entrega y término para hacer la notificación. - Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.**

La referida notificación escrita deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. […]

(b) Requisito jurisdiccional. - No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en esta ley.

…. (Énfasis suplido).

Como podemos observar, del texto del referido precepto se desprenden varios requisitos. *Primero*, el reclamante debe notificar al Alcalde mediante una notificación escrita. *Segundo*, esta notificación debe incluir la fecha, lugar, causa y naturaleza del daño sufrido, información sobre los testigos, dirección del reclamante, el tipo de remedio o la cuantía monetaria solicitada, y en los casos de daños a la persona, deberá incluir el lugar donde recibió tratamiento médico. *Tercero*, la notificación tiene que ser realizada dentro de los noventa (90) días desde que el reclamante tuvo conocimiento de los daños. El cumplimiento de tales requisitos es una condición previa indispensable para la iniciación de cualquier acción judicial en resarcimiento de daños y perjuicios en contra de un municipio.

En lo que respecta a la controversia particular ante nuestra consideración, hallamos que el citado Art. 15.003 de la Ley de Municipios Autónomos no dispone cómo debe ser la notificación escrita al Alcalde ni cuál es su razón de ser. De hecho, el historial legislativo de la mencionada Ley tampoco incluye expresiones relacionadas a este particular. No obstante, el historial legislativo de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. secs. 3074 *et seq.* - una legislación análoga que contiene disposiciones similares sobre notificación previa- podría brindarnos luz en cuanto al alcance de esta exigencia.

En este particular, observamos que la Ley Núm. 104, *supra*, fue enmendada en el año 1966 con el objetivo de incluir el requisito de notificación al Secretario de Justicia previo a la iniciación de una demanda en contra del Estado.[15] Del contenido del Proyecto de la Cámara Núm. 492 que propuso tal enmienda podemos apreciar que al añadir esta exigencia procesal el legislador tenía la siguiente preocupación:

> [e]n muchos casos y por diversas razones, las acciones se radican cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de información o información deficiente en cuanto a los hechos y aún con la circunstancia de la reorganización de una agencia o dependencia como resultado de lo cual se han extraviado los récords que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo

---

[15] Véase, Ley Núm. 121 de 24 de junio de 1966.

paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspondientes y establecer las defensas en estos casos.[16]

En cuanto al contenido de la notificación escrita es preciso señalar que, contrario a lo dispuesto en la Ley de Municipios Autónomos, en la Ley de Pleitos contra el Estado la Asamblea Legislativa no añadió el requisito de especificar en la notificación la cuantía o el remedio solicitado. Según se desprende del contenido del Proyecto de la Cámara Núm. 492 esto respondió a que en muchos casos resulta imposible precisar tal información en el tiempo requerido por ley para la notificación. Al respecto, específicamente se expresó lo siguiente:

> [l]a enmienda que propone vuestra Comisión elimina en la notificación el requisito de la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido y tiene como fundamento el hecho de que en muchos casos tanto la cuantía de la compensación como el tipo del remedio adecuado al daño sufrido son datos que no pueden precisarse en el término de unos pocos meses, por lo que se entiende que al eliminarse el requisito se mejora el proyecto sin que se afecte el mismo.

Entendemos que este cambio sustancial responde a que, en el caso de daños físicos, es imposible conocer el monto total reclamable de esos daños inmediatamente luego del accidente.

Con este marco legal como norte, procedemos a atender la situación fáctica que nos ocupa.

---

[16] 20 Diario de Sesiones de la Asamblea Legislativa, P. de la C. núm. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, T.2 pág. 845.

**III**

En el caso de autos, la señora Rivera plantea que presentó personalmente en el Municipio, ante uno de sus funcionarios, un Informe de Incidente que incluía la información sobre su accidente, según requerían los encasillados incluidos en el mencionado documento provisto por el propio Municipio. De esta forma el Informe contenía toda la información requerida por el Art. 15.003 de la Ley Núm. 81, *supra,* excepto, la cuantía de la compensación monetaria porque el mismo formulario no proveía para ello. Así las cosas, la señora Rivera sostiene que cumplió con el requisito de notificación requerido por ley, máxime cuando el propio documento dispone que una copia del mismo va dirigida al Municipio.

A pesar de lo anterior, el Tribunal de Apelaciones desestimó la demanda presentada contra el Municipio al entender que la peticionaria no cumplió con el requisito de notificación previa. De acuerdo al foro apelativo, tal notificación debió ser remitida al Alcalde y debió incluir la cuantía o el remedio solicitado, según establece el Art. 15.003 de la Ley Núm. 81, *supra*. De acuerdo al tribunal *a quo* el Informe de Incidente entregado por la señora Rivera en el Municipio no puede ser considerado como la notificación requerida por ley, ya que el mismo no incluía la cuantía de la compensación monetaria. No coincidimos con tal proceder.

En primer lugar, aclaramos que para cumplir con el inciso (a) del Art. 15.003 de la Ley Núm. 81, *supra*, no es necesario una entrega personal al alcalde. No podemos avalar ese rigorismo desmedido propuesto por el recurrido y respaldado por el foro *a quo*, máxime cuando ello no surge del texto de la Ley. Contrario a lo que concluyó el Tribunal de Apelaciones, entendemos que el Informe de Incidente que la peticionaria presentó en la Alcaldía constituye un método de notificación previa que pone sobre aviso al Municipio de una posible reclamación en su contra. Si bien es cierto que el Informe de Incidente no fue entregado personalmente al Alcalde, el diligenciamiento fue hecho en una forma fehaciente en derecho. Por ello, resolvemos que cumplimentar el "Informe de Incidente" que fue provisto por el propio gobierno municipal constituye una notificación que satisface las exigencias y propósitos del Art. 15.003 de la Ley de Municipios Autónomos, *supra*, según hemos establecido desde Mangual v. Tribunal Superior, supra.

Establecer que en el caso de autos el Municipio no fue notificado conforme a las disposiciones de la Ley de Municipios Autónomos no solo constituiría un dictamen irrazonable, sino uno en completa desatención al uso crítico y concienzudo de nuestro estado de derecho. El objetivo del requisito de notificación previa no conlleva un asunto personalizado en la figura del alcalde involucrado de manera que se requiera una notificación

directa al primer ejecutivo municipal. No podemos arraigarnos al tecnicismo de que la persona que tiene que ser notificada es el alcalde, ya que lo que verdaderamente importante es que el municipio quede debidamente notificado de la posible causa de acción, independientemente si el alcalde fue el que personalmente recibió tal notificación.

Bajo ningún concepto podemos hacer abstracción de que el documento Informe de Incidente fue suministrado por el propio Municipio y cumplimentado por la señora Rivera en las instalaciones municipales. Por tal razón, concluimos que una vez el funcionario de la Alcaldía recibe el Informe de Incidente se entiende que el municipio, y por ende, el Alcalde, ha sido debidamente notificado del incidente ocurrido y de la posible reclamación en su contra.

Al estar esta información en poder del Municipio, no hay duda que este tenía conocimiento de los hechos, conociendo incluso la identidad de los testigos, lo cual pudo haber utilizado para investigar, corroborar o refutar los hechos alegados por la señora Rivera en el Informe de Incidente. El fin público de proteger al Municipio se satisfizo desde el momento que la señora Rivera cumplimentó y entregó el formulario que el propio municipio le entregó para que hiciera constar las particularidades del incidente.

Por otro lado, no nos convence la teoría del Tribunal de Apelaciones en cuanto a la insuficiencia de la notificación por esta no incluir la cuantía o el remedio solicitado. Ciertamente, coincidimos con el foro *a quo* en que toda reclamación presentada en contra de un municipio debe cumplir con el requisito de notificación establecido en el Art. 15.003, *supra*, y con cada uno de sus requisitos. Empero, en el caso particular ante nuestra consideración, el formulario titulado Informe de Incidente entregado a la peticionaria en la propia Alcaldía, no proveía un encasillado para que esta especificara la cuantía o el remedio solicitado. Por ello, concluimos que el no incluir tal información no constituyó un factor limitativo para el Municipio iniciar una pronta investigación del incidente.

Por último, recordemos que el inciso (a) del artículo 15.003 de la Ley de Municipios Autónomos, supra, establece que "la notificación escrita deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados". De los hechos se desprende que la primera notificación fue realizada el 8 de diciembre de 2009 al entregar el Informe de Incidente. Esto es, veintiséis días luego del accidente. Durante ese periodo de tiempo, la peticionaria no había recibido ningún procedimiento médico, excepto, el que recibió el día del accidente en el Centro de Diagnóstico y Tratamiento de Río Grande. No fue

hasta dos días después, el 10 de diciembre de 2009, que la señora Rivera fue referida a terapia física por el Dr. Gerardo Ortiz.

Posteriormente, el 16 de abril de 2010 se le realizó una radiografía de su hombro derecho con el siguiente diagnóstico: "[c]ambios cabeza húmero". Es en ese momento que la peticionaria adviene en conocimiento de los daños sufridos. Correspondientemente, cinco días más tarde, mediante su representación legal, remitió una *segunda* notificación al Municipio que incluía la compensación solicitada, los hechos acaecidos, la información de los testigos y el tratamiento recibido. Más aún, no fue sino hasta el 19 de abril de 2011, un año y cinco meses luego del accidente, que la Sra. Rivera Fernández fue sometida a una intervención quirúrgica en su hombro derecho como consecuencia de los daños sufridos en el accidente.

En ese escenario, concluimos que la segunda notificación al Alcalde que realizó la peticionaria, en la cual se añadía la cuantía de los daños reclamados, fue hecha conforme a derecho y dentro del término establecido en ley. Esto debido a que la ley especifica que el reclamante tiene noventa días desde que tiene conocimiento de los daños sufridos para enviar la notificación. Claramente no fue hasta que a la peticionaria le realizan la radiografía que esta adviene en conocimiento de los daños sufridos y, por ende, cinco días luego de conocer de los daños notificó al Alcalde la cuantía de los mismos.

Bajo el crisol doctrinario expuesto, concluimos que, en situaciones donde el propio municipio provea y ponga en posición al reclamante de notificar los daños alegadamente sufridos, constituye una notificación suficiente en derecho siempre que cumpla con los requisitos establecidos en el Art. 15.003 de la Ley Núm. 15.003, supra, y explicados en Mangual v. Tribunal Superior, supra. Recordemos que el propósito principal para requerir la notificación previa es avisar al municipio de una posible reclamación en su contra. No hay duda que en el caso de autos se cumplió tal objetivo.

**IV**

Por los fundamentos que anteceden, se revoca la Sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que atienda el planteamiento sobre la prescripción que la parte recurrida adujo ante dicho foro judicial.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Certiorari*

María G. Rivera Fernández
        Peticionaria

                    v.

Municipio Autónomo de Carolina          CC-2012-0786
        Recurrido


SENTENCIA


En San Juan, Puerto Rico, a 29 de enero de 2014.

Por los fundamentos expuestos en la Opinión que antecede, revocamos la sentencia recurrida y devolvemos el caso al Tribunal de Apelaciones para que atienda el planteamiento sobre la prescripción que la parte recurrida adujo ante dicho foro judicial.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disintió con una opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente con opinión escrita a la cual se une la Jueza Asociada señora Fiol Matta.


                Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María G. Rivera Fernández

    Peticionaria

      v.

Municipio Autónomo de              CC-2012-786
Carolina

    Recurrido

Opinión Disidente emitida por el Juez Presidente señor HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 29 de enero de 2014.

Por entender que procede la desestimación de la demanda de epígrafe por prescripción, disentimos de lo resuelto por este Tribunal.

I.

Los hechos más relevantes de este caso se detallan a continuación. La Sra. María G. Rivera Fernández sufrió una caída mientras caminaba por una acera del Municipio de Carolina (Municipio) el 13 de noviembre de 2009. Veintiséis días después del accidente, la señora Rivera Fernández acudió a la alcaldía del Municipio en donde le proveyeron un formulario titulado "Informe de Accidente". En este, indicó su información personal, la naturaleza del accidente, la información de

testigos y el tratamiento recibido hasta ese momento. No obstante, el informe no especificaba la cuantía o el remedio solicitado debido a que el formulario no tenía encasillados para proveer tal información.

El 21 de abril de 2010, el representante legal de la señora Rivera Fernández envió una notificación al Municipio en la que detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. El 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, envió otras comunicaciones a la aseguradora del Municipio, Acosta Adjustment, Inc., con la misma información. Finalmente, el 27 de diciembre de 2011 la señora Rivera Fernández presentó la demanda de epígrafe.

El Municipio presentó ante el Tribunal de Primera Instancia una moción solicitando la desestimación de la demanda por falta de notificación y prescripción. Ese foro denegó la solicitud. De esa determinación, el Municipio recurrió al Tribunal de Apelaciones donde señaló que erró el foro primario al denegar la moción, lo que implica que el foro primario entendió que el Informe de Incidente en cuestión cumplió con el requisito de notificación previa y que la acción no está prescrita. Ese foro revocó al Tribunal de Primera Instancia y desestimó la demanda. Concluyó que, no habiendo cumplido el Informe con los requisitos y no habiéndose emitido notificación alguna dentro del término de 90 días, la señora Rivera Fernández no podía instar la reclamación judicial contra el Municipio. Añadió que, así resuelto, era innecesario

discutir si en efecto el término prescriptivo fue o no interrumpido.

De ese dictamen, la señora Rivera Fernández recurre ante nos. Esta trae como único señalamiento que el Tribunal de Apelaciones erró al resolver que no se cumplió con el requisito de notificación.

II.

La Opinión mayoritaria resuelve que se cumplió con el requisito de notificación previa dentro del término de 90 días. Estamos de acuerdo. No obstante, consideramos que son innecesarias e incorrectas en derecho las expresiones de que es a partir del 16 de abril de 2010, cinco meses después de la caída, que la peticionaria adviene en conocimiento de los daños sufridos. Por esa razón, este Tribunal resuelve que la segunda notificación hecha por la representación legal de la peticionaria al Municipio también fue hecha conforme a derecho y dentro del término de 90 días. La conclusión de que el conocimiento del daño se adquiere cuando se conoce la magnitud del daño ha sido rechazada por este Tribunal. Véanse Vera Morales v. Bravo Colón, 161 D.P.R. 308 (2004) y Ortiz v. Municipio de Orocovis, 113 D.P.R. 484 (1982). Para efectos de la prescripción, el término comienza desde que se conoce el daño aunque se desconozca la magnitud del mismo. Vera Morales v. Bravo Colón, *supra*, pág. 325.

Por otro lado, entendemos que es necesario resolver si la acción está prescrita para saber si el foro primario tiene jurisdicción.

La señora Rivera Fernández sufrió el accidente el 13 de noviembre de 2009 y 26 días después presentó el Informe del Incidente. Luego, su representante legal envió una notificación al Municipio el 21 de abril de 2010. En esta, detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. A partir de esa notificación, el 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, la señora Rivera Fernández envió cartas a la aseguradora del Municipio, Acosta Adjustment, Inc., en las que incluyó la misma información que en la notificación. La demanda fue presentada el 27 de diciembre de 2011.

Ciertamente, la carta remitida al Municipio y las cartas enviadas a la aseguradora sirven como reclamaciones extrajudiciales que interrumpen el término prescriptivo. Véanse Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, y Zambrana v. E.L.A., 129 D.P.R. 740 (1992). Ahora bien, para determinar si la acción está prescrita era necesario que este Tribunal resolviera si la reclamación extrajudicial dirigida a un asegurador interrumpe el término en cuanto al asegurado.

Sabemos que la señora Rivera Fernández puede presentar una acción sustantiva y directa contra el asegurador bajo el contrato de seguros, independiente de la causa de acción contra el asegurado, productor del daño. Trigo v. The Travelers, Ins. Co., 91 D.P.R 868, 877 (1965). Por ello, entendemos que la reclamación extrajudicial hecha al asegurador no interrumpe el término para el asegurado.

En el caso de autos, la demanda se presentó más de un año después de la última notificación –y reclamación extrajudicial– hecha al Municipio, por lo que la demanda está prescrita.

III.

Por todo lo anterior, disentimos de lo resuelto por una mayoría de este Tribunal y, en su lugar, hubiéramos confirmado la desestimación de la demanda de epígrafe por prescripción.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María G. Rivera Fernández<br><br>    Peticionaria<br><br>        v.<br><br>Municipio Autónomo de<br>Carolina<br><br>    Recurrido | CC-2012-0786 |

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se une la Jueza Asociada señora Fiol Matta

San Juan, Puerto Rico, a 29 de enero de 2014

Disiento del curso seguido por una mayoría de este Tribunal por entender que la demanda de daños y perjuicios ante nuestra consideración está prescrita al no haberse interrumpido el término de prescripción.

I

A continuación un resumen de los hechos relevantes a la controversia ante nuestra consideración. El 13 de noviembre de 2009 la señora María G. Rivera Fernández sufrió una caída mientras caminaba por una acera del Municipio Autónomo de Carolina ("Municipio"). El 8 de diciembre de 2009, veintiséis (26) días después del accidente, la señora Rivera Fernández acudió a la alcaldía del Municipio y cumplimentó un formulario titulado "Informe de Accidente" provisto por el Municipio. Allí indicó su información personal, la naturaleza del accidente, la información de los testigos y el tratamiento recibido hasta ese momento. Debido a que el formulario no contenía un encasillado para especificar

la cuantía o el remedio solicitado, en el informe no se indicó tal información.

El 21 de abril de 2010 la señora Rivera Fernández, a través de su representación legal, envió una segunda notificación al Municipio en la que detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. El 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, la señora Rivera Fernández envió misivas a la aseguradora del Municipio, Acosta Adjustment, Inc. ("aseguradora"), que contenían la información provista al Municipio.[17] El 27 de diciembre de 2011, la señora Rivera Fernández presentó una demanda en contra del Municipio y la aseguradora.

El 6 de marzo de 2012 la aseguradora presentó una solicitud de sentencia sumaria en la que alegó que la póliza de responsabilidad pública se extinguió al agotarse el fondo para cubrir reclamaciones y otros gastos. El 12 de abril de 2012 el Tribunal de Instancia emitió una Sentencia Parcial en la que desestimó la demanda en contra de la aseguradora. Posteriormente, el Municipio presentó una solicitud de desestimación de la demanda por falta de notificación y prescripción. En síntesis, el Municipio sostuvo que el Informe de Accidente cumplimentado por la señora Rivera Fernández no cumplió con los requisitos de notificación que establece el Art. 15.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4703. Además, alegó que la causa de acción estaba prescrita al no haberse interrumpido el término

---

[17] Estas comunicaciones sólo fueron dirigidas a la aseguradora.

prescriptivo de un (1) año para reclamar daños y perjuicios. El Tribunal de Primera Instancia denegó la solicitud. Inconforme, el Municipio acudió ante el Tribunal de Apelaciones mediante recurso de *certiorari*.

El foro apelativo intermedio revocó la determinación del foro primario. Concluyó que el Informe de Accidente cumplimentado por la señora Rivera Fernández no cumplió con los requisitos de notificación que establece el Art. 15.003 de la Ley de Municipios Autónomos. Por tanto, en ausencia de una notificación apropiada dentro del término de noventa (90) días, la señora Rivera Fernández no podía instar la reclamación judicial contra el Municipio por lo que procedía la desestimación de la demanda. Resuelto lo anterior, el Tribunal de Apelaciones sostuvo que era innecesario discutir si en efecto el término prescriptivo fue o no interrumpido.

Inconforme con tal determinación, la señora Rivera Fernández acude ante este Tribunal y alegó, como único señalamiento de error, que erró el foro apelativo intermedio al resolver que no se cumplió con el requisito de notificación.

II

Hoy una mayoría de este Tribunal concluye correctamente que la señora Rivera Fernández cumplió con el requisito de notificación que establece el Art. 15.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4703. Por tal razón, coincido con la mayoría en que erró el Tribunal de Apelaciones al desestimar la causa de acción por falta de notificación. Ahora bien, atendido ese error, restaba considerar los planteamientos de

prescripción esgrimidos por el Municipio relacionados con la falta de interrupción del término prescriptivo. En cambio, la mayoría innecesariamente devuelve el caso al Tribunal de Apelaciones para que atienda el planteamiento sobre prescripción. Al así proceder, la mayoría elude la responsabilidad de atender el planteamiento de prescripción el cual, para todos los efectos prácticos, es dispositivo de esta controversia. Pasemos entonces a discutir el derecho aplicable.

A

En numerosas ocasiones hemos señalado que la prescripción extintiva es una institución de derecho sustantivo que constituye una forma de extinguir un derecho debido a la inercia en ejercerlo durante un período de tiempo determinado. *Santiago v. Ríos Alonso*, 156 D.P.R. 181, 188 (2002); *Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560 (1995). Esta institución no es susceptible a la flexibilidad que caracteriza a las normas procesales; una vez se determina que una causa de acción está prescrita, resulta imperativa su desestimación. *Umpierre Biascoechea v. Banco Popular*, 170 D.P.R. 205 (2007) (Rodríguez Rodríguez, J., Op. Conformidad); *Vera v. Dr. Bravo*, 161 D.P.R. 308, 321 (2004). Ello responde a que el propósito de la prescripción es fomentar el reclamo oportuno de los derechos y procurar la tranquilidad del obligado contra la eterna pendencia de una acción civil en su contra. *Ortiz v. P.R. Telephone*, 162 D.P.R. 715, 733 (2004).

De esta manera "se protege la estabilidad de las relaciones jurídicas, princípio trascendental del

ordenamiento jurídico, que tiene prelación sobre los derechos particulares que puedan resultar afectados con la aplicación de la figura de la prescripción". *Westernbank v. Registradora*, 172 D.P.R. 715 (2007) (Rodríguez Rodríguez, J., Op. Conformidad). En materia de daños y perjuicios, el Art. 1868 establece que las obligaciones derivadas de la culpa o negligencia, según establecido en el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, prescriben por el transcurso de un (1) año. 31 L.P.R.A. sec. 5298. Este término comienza a transcurrir desde que el agraviado supo del daño. *Id*.

B

Ahora bien, debido a que la existencia de la figura de la prescripción extintiva en nuestro ordenamiento se fundamenta en que la inercia o inactividad por parte del titular de un derecho nos permite presumir el abandono de su derecho, si tal inactividad cesa no operará la prescripción. *García Aponte et al. v. E.L.A. et al.*, 135 D.P.R. 137 (1994). Es decir, de ocurrir un "acto de interrupción, la presunción en virtud de la cual se da la prescripción se desvanece, por lo que resulta lógico que se deje sin efecto el plazo de tiempo transcurrido, el cual debe comenzar de nuevo". *Id*. en la pág. 143.

A tales efectos, el Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, dispone que: "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y

por cualquier acto de reconocimiento de la deuda por el deudor". 31 L.P.R.A. sec. 5303. El efecto de la interrupción es que el plazo de prescripción debe volver a computarse en toda su extensión desde el momento en que se produce el acto que interrumpe el periodo de inacción o inercia. *Sánchez v. Aut. De Puertos*, 153 D.P.R. 559 (2001); *González v. Wal-Mart, Inc.*, 147 D.P.R. 215 (1998).

En el caso de la interrupción mediante la reclamación extrajudicial, "ésta se refiere a la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". *Sánchez v. Aut. De Puertos*, 153 D.P.R. 559, 568 (2001). Para que una reclamación extrajudicial constituya una interrupción de la prescripción debe cumplir con los siguientes requisitos:

> (1) la reclamación debe ser oportuna, lo cual requiere que se realice antes de la consumación del plazo;
> (2) es necesaria la legitimación del reclamante, ello es, que la reclamación se haga por el titular del derecho o acción;
> (3) se requiere la idoneidad del medio utilizado para realizar la reclamación; y
> (4) debe existir identidad entre el derecho reclamado y aquel afectado por la prescripción.

*De León v. Caparra Center*, 147 D.P.R. 797, 805 (1999).

C

Para propósitos de la controversia ante nuestra consideración, es menester señalar que el artículo 20.030 del Código de Seguros permite que una persona que haya sufrido algún daño o perjuicio por algún acto culposo o negligente dirija su curso de acción legal contra: (1) el

asegurado; (2) el asegurador; o (3) ambos en conjunto. 26 L.P.R.A. sec. 2003. Por tal razón, hemos señalado que una acción directa contra la compañía aseguradora del causante del daño es distinta y separada de la acción que se inicie contra el asegurado. *Torres Pérez v. Colón García*, 105 D.P.R. 616, 627 (1977).

En virtud de esta norma, hemos reconocido que cuando el agraviado decide dirigir su causa de acción exclusivamente contra la aseguradora de un municipio, no tiene que cumplir con el requisito de notificación al municipio. *Id.*[18] Es decir, precisamente por la independencia de las causas, al asegurador de un municipio no le aprovecha el requisito de notificación del daño en el término de noventa (90) días. *Torres Pérez v. Colón García*, 105 D .P.R. 616, 627 (1977); *García v. Northern Assurance*, Co., 92 D.P.R. 245, 254 (1965).

Por su parte, en *Cruz v. González*, 66 D.P.R. 212 (1945), específicamente consideramos si la interrupción de la prescripción respecto a la aseguradora perjudicaba por igual al asegurado. Al rechazar la existencia de una relación solidaria entre la aseguradora y el asegurado, y en ausencia de un pacto en contrario, concluimos que la reclamación extrajudicial dirigida a la aseguradora no perjudicó el término prescriptivo del asegurado. *Id.* Posteriormente, en *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982), reafirmamos este raciocinio al desestimar la causa de acción en contra del asegurado (Estado) por no haberse interrumpido la prescripción en

---

[18] En aquella ocasión interpretamos el Art. 96 de la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960, similar al Art. 15.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4703.

contra de éste, más no así la causa de acción en contra de su aseguradora.[19]

IV

En el caso ante nuestra consideración, la señora Rivera Fernández sufrió una caída el 13 de noviembre de 2009. Veintiséis días después, cumplimentó el Informe de Accidente. Posteriormente, el 21 de abril de 2010 la señora Rivera Fernández envió una carta al Municipio en la que detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. Esta misiva fue enviada dentro del término de un año y tuvo el efecto de interrumpir el término prescriptivo.

No obstante, con posterioridad a la misiva del 21 de abril de 2010, la señora Rivera Fernández sólo se comunicó con la aseguradora del Municipio. Es decir, a partir de la carta del 21 de abril de 2010, la señora Rivera Fernández no cursó comunicación alguna al Municipio hasta la presentación de la demanda, el 27 de diciembre de 2011. Por lo tanto, para efectos de la controversia ante nuestra consideración procedía determinar si las tres (3) cartas dirigidas exclusivamente a la aseguradora del Municipio interrumpían el término prescriptivo contra el Municipio.

---

[19] En específico señalamos lo siguiente:

La dilucidación de estas cuestiones afecta únicamente a los recurrentes y a Universal [aseguradora del Estado]. En lo que respecta al Estado Libre Asociado, la acción claramente prescribió bajo cualquier punto de vista. Los recurrentes aguardaron más de un año después de desestimarse la acción contra el Estado para actuar ante el Tribunal Superior. Debe confirmarse en consecuencia el dictamen recurrido en lo que respecta al Estado Libre Asociado.

*Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623, 624-625 (1982).

En virtud de la normativa anteriormente reseñada, entendemos que no. Siendo la causa de acción en contra de la aseguradora una causa de acción independiente a la del Municipio, las cartas enviadas a la aseguradora no interrumpieron el término prescriptivo en contra del Municipio.[20] Por consiguiente, procedía la desestimación de la causa de acción por prescripción.

Como hemos visto, el Derecho aplicable a esta controversia es bien sencillo. ¿Para qué postergar la correcta solución de esta controversia?

IV

Por todo lo anterior, disiento del curso seguido por una mayoría del Tribunal. En su lugar, hubiera confirmado la desestimación de la demanda por prescripción.

Anabelle Rodríguez Rodríguez
Juez Asociada

---

[20] Adviértase que en este caso no había un pacto de solidaridad entre la aseguradora y el asegurado.